JAMES FUSARO *v.* CHASE BRASS AND COPPER COMPANY, INC., ET AL.

SUPERIOR COURT      NEW LONDON COUNTY      FILE No. 23902

Memorandum filed December 10, 1956

*Arthur B. O'Keefe, Jr.,* of New Haven, and *Allyn L. Brown, Jr.,* of Norwich, for the plaintiff.

*Waller, Smith & Palmer,* of New London, for Roger Sherman Transfer Co., intervening plaintiff.

*Larkin & Pickett,* of Waterbury, for defendant O'Donnell.

*Wiggin & Dana,* of New Haven, for defendant Chase Brass and Copper Co.

KING, J. The plaintiff sues to recover damages for personal injuries claimed to have been sustained as a consequence of (1) the negligence of the defendant Chase Brass and Copper Company, hereinafter referred to as the defendant employer, and (2) the negligence of its servant and employee, the defendant O'Donnell, for whose negligence the defendant employer is also charged under the rule of respondeat superior. The plaintiff was an employee of The Roger Sherman Transfer Company, hereinafter referred to as the transfer company, and admittedly is entitled to receive, and has received, compensation payments. Pursuant to the provisions of § 3040d of the 1955 Cumulative Supplement, the transfer company has intervened as a party plaintiff to recover such payments.

Both defendants have filed a plea to the jurisdiction and in abatement on the basic ground that the transfer company was doing the work for the defendant employer as an independent contractor; that this work, being done by the transfer company and its employee, the plaintiff, was to assist in cleaning up the defendant employer's factory after the flood of August, 1955; that this work was a part or process of the defendant employer's trade or business and was performed, and the plaintiff's injuries received, on premises owned and controlled by the defendant employer within the provisions of § 7423 of the 1949

Revision; and, so, that the provisions of § 7419 of the 1949 Revision make the plaintiff's remedy under the compensation act an exclusive one, precluding the maintenance of a common-law action for damages, such as this. To this plea the plaintiff filed a motion to strike the plea from the record and a demurrer.

Under the provisions of Practice Book § 81, the filing of the demurrer operated as a waiver of the motion to strike, which, although addressed to the plea rather than to the complaint, obviously falls within the scope of the rule. Therefore, the demurrer, alone, will be considered.

Except for paragraph 8, the plea to the jurisdiction appears to be addressed to the cause of action against both defendants without differentiation between them. Paragraph 8 of the plea appears to be addressed to the cause of action against the defendant O'Donnell alone, and it is obvious that this claim as to O'Donnell is sound only if the plea to the jurisdiction is sound as to the defendant employer. Since, as hereinafter pointed out, the plea is not sound as to the defendant employer, there is no occasion for any consideration of the claim made in paragraph 8 of the plea.

The basic claim, which forms grounds 1, 7 and 9 of the demurrer, is that the allegations in the plea to the jurisdiction are of a character such that they may properly be made only in a plea in bar, that is, a special defense in the answer. If sound, this claim is obviously dispositive of the demurrer adversely to the defendants.

That the plea to the jurisdiction and in abatement, if not objected to, is a permissible method of raising the claim that an injured plaintiff is covered by the compensation act so that his exclusive remedy is

under that act and he is thereby precluded from maintaining a common-law action for damages was in effect determined in the case of *Pallanck* v. *Donovan,* 105 Conn. 591, 595. However, in other cases similar claims have been raised by a special defense in the answer. Such was the procedure adopted in cases such as *Bates* v. *Connecticut Power Co.,* 130 Conn. 256, and *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 649. Either procedure should produce the same ultimate result, because in each the burden of proving facts which will defeat the common-law action is on the person filing the plea to the jurisdiction or the special defense, as the case may be. It is the conclusion of the court that in the absence of objection either method is permissible. Here, however, the demurrer constitutes a timely objection to the use of a plea to the jurisdiction.

It is true that our compensation act provides (Rev. 1949, § 7419) that as to an employee covered by it, "the employer shall not be liable to any action for damages on account of personal injury." This provision, however, is not at all a denial of jurisdiction in the Superior Court, as such, but is basically a destruction of an otherwise existent common-law right of action. The facts alleged in the plea to the jurisdiction would, if proven, establish such a destruction. Consequently, they constitute matter in bar. The confusion, if there be any, arises from the fact that the compensation procedure which is substituted for the common-law right of action involves a special tribunal, rather than the Superior Court. However, this is a mere incident of the destruction of the common-law right of action. In other words, there is not a lack of jurisdiction in the court but a want of a cause of action in the plaintiff. Of course in the converse of this situation, where the plaintiff seeks compensation and is met by a claim that his rights are solely at common law, the

matter is determined by the compensation commissioner under a special statutory procedure, and manifestly there is no right to a common-law trial of that or any other question of fact involved. Rev. 1949, § 7419; *Fox* v. *Fafnir Bearing Co.,* 107 Conn. 189; *Bown* v. *Waterbury Battery Co.,* 129 Conn. 44, 50; *Grenier* v. *Grenier,* 138 Conn. 569, 571.

The court concludes, therefore, that the matter raised by the plea to the jurisdiction is actually matter in bar. Consequently, it is not the proper subject of a plea to the jurisdiction. *Sestero* v. *Glastonbury,* 19 Conn. Sup. 156, 158. This requires that the plaintiff's demurrer be sustained on grounds 1, 7 and 9 thereof. The result here reached seems in accord with what appears to be the weight of authority in other states. 58 Am. Jur. 609 § 48, 615 § 59; 101 C.J.S. 421, § 950. Since this is dispositive of the demurrer in favor of the plaintiff and eliminates the plea to the jurisdiction and in abatement, there is no occasion to consider the remaining grounds of demurrer.

For the foregoing reasons the plaintiff's demurrer to the plea to the jurisdiction and in abatement must be, and is, sustained on grounds 1, 7 and 9 thereof.