[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (#126)
The defendant has moved to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction. Practice Book, 143(1). The defendant advances two reasons in support of its claim: (1) that the plaintiff failed to comply with the notice requirement of 7-101a(d) of the Connecticut General Statutes; and (2) that the exclusive remedy provision of the Worker's Compensation Act (31-284 (a) and 293(a)), Connecticut General Statutes) bars the plaintiff's claim.
1. The requirement of written notice of the intention to commence suit under 7-101a(d) imposes a procedural precondition on liability of the municipality or its agency. Norwich v. Silverberg, 200 Conn. 367, 372 (1986). It is, in other words, a condition precedent to bringing an action; Fraser v. Henninger,173 Conn. 52, 55 (1977); and a failure to allege such notice is CT Page 1453 properly tested by a motion to strike. Stephenson, Conn. Civ. Proc., 117. Since the alleged defect can be corrected by amendment of the complaint, the issue is not jurisdictional and should not be decided on a motion to dismiss. Baskin's Appeal from Probate, 194 Conn. 635, 640-41 (1984).
2. The exclusivity provision of the Worker's Compensation Act ". . . is not at all a denial of jurisdiction in the Superior Court, as such, but is basically a destruction of an otherwise existent common law right of action." Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 243 (1956). "Thus while the plaintiff may not have a legally sufficient cause of action [thereunder], the court nonetheless has jurisdiction over the matter." Spain v. Blue Cross-Blue Shield of Connecticut,3 CSCR 645, 646 (1988).
For the reasons set forth above, the motion to dismiss is denied.
GAFFNEY, J.