[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The two defendants, Ross Roberts. Inc. and Liberty Mutual Insurance Company, have moved to dismiss the complaint. They contend that the plaintiff Antonio DeOliveira has a remedy under the Workers' Compensation Act and that this court therefore lacks jurisdiction of the subject matter. Because the defendants' claim is not properly one of subject matter jurisdiction, the motion to dismiss is denied.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." England v. Coventry,183 Conn. 362, 364 (1981). This court has the power to entertain the action before it.
The plaintiff, who was employed by defendant Ross 
Roberts, Inc., suffered a work related injury. He alleges that the defendants intentionally and fraudulently breached an implied covenant of good faith and air dealing, tortious breached a contract, violated the Unfair Trade Practices Act, and violated the Unfair Insurance Practices Act. The parties I disagree as to whether these claims arise out of the employment relationship.
If the plaintiff's claims arise out of the employment relationship, General Statutes 31-284 is applicable and grants CT Page 2671 the defendants immunity from liability for damages in a civil action. This provision is not a denial of jurisdiction in the superior court but destroys an otherwise lawful right of action. Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 243
(1956). The defendants' claim of immunity should be raised by a special defense, Practice Book 164, and perhaps resolved by a motion for summary judgment. See Squeglia v. Milne Construction Co., 212 Conn. 427 (1989).
The motion to dismiss is denied.
THIM, JUDGE