RUSSELL GRANT ET AL. *v.* CHARLES BASSMAN ET AL.
(14274)

SHEA, CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued November 1, 1991—decision released March 17, 1992

*Lawrence D. Church,* with whom was *Cheryl Brienza Cook,* for the appellants (named plaintiff et al.).

*Robert J. Enright,* with whom was *Christine C. Murphy,* for the appellee (defendant Charles Bassman, Inc.).

GLASS, J. The plaintiffs, Russell Grant (Grant) and his mother, Gail Grant, brought this action against the defendants, Charles Bassman, Inc. (CBI), and its president, Charles Bassman, seeking damages for personal injuries suffered by Grant while, as a minor, he was illegally employed by CBI. CBI moved to dismiss the plaintiffs' complaint on the ground that the trial court lacked subject matter jurisdiction because Grant had applied for and received workers' compensation benefits for his injuries and, thus, was precluded from bringing this action by General Statutes § 31-284 (a).[1] The

---

[1] "[General Statutes] Sec. 31-284. BASIC RIGHTS AND LIABILITIES. CIVIL ACTION TO ENJOIN NONCOMPLYING EMPLOYER FROM ENTERING EMPLOYMENT CONTRACTS. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained

trial court granted CBI's motion and the plaintiffs appealed to the Appellate Court. We transferred the appeal to this court pursuant to Practice Book § 4023. We reverse the judgment of the trial court.

The plaintiffs' revised complaint alleged the following. Grant was born on August 25, 1969. While a minor, Grant was employed as a laborer by CBI in its excavation contracting business. As part of his duties, Grant was required to operate certain equipment owned and used by CBI in its business, including a backhoe. The defendants employed Grant in an occupation determined to be hazardous by the Connecticut state labor department, in violation of General Statutes (Rev. to 1987) § 31-23 (b), (c) and (d),[2] and § 31-23-1 of the Regu-

in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

[2] "[General Statutes (Rev. to 1987)] Sec. 31-23. EMPLOYMENT OF MINORS PROHIBITED IN CERTAIN OCCUPATIONS. EXCEPTIONS. . . .

"(b) No minor under the age of eighteen years shall be employed or permitted to work in any occupation which has been or shall be pronounced hazardous to health by the department of health services or pronounced hazardous in other respects by the labor department. This section shall not apply to the employment or enrolment of minors sixteen years of age and over as apprentices in bona fide apprenticeship courses in manufacturing or mechanical establishments, vocational schools or public schools, or to the employment of such minors who have graduated from a public or private secondary or vocational school, in any manufacturing or mechanical establishment or to the enrolment of such minors in a cooperative work-study program approved by the state board of education and the labor commissioner. No provision of this section shall apply to agricultural employment, domestic service, street trades or the distribution of newspapers. For purposes of this subsection, the term 'cooperative work-study program' means a program of vocational education, approved by the state board of education and the labor commissioner, for persons who, through a cooperative arrangement between the school and employers, receive instruction, including required academic courses and related vocational instruction by alternation of study in school with a job in any occupational field, provided these two experiences are planned and supervised by the school and employers so that each contributes to the student's education and to his employability. Work periods and

lations of Connecticut State Agencies. Bassman hired Grant with the knowledge that he was a minor and instructed him to start the backhoe by placing a screwdriver across the metal contact points on the starter motor while standing next to the engine compartment and between the wheels. The backhoe was equipped with a safety neutral switch to prevent it from starting while in gear. This switch had been disconnected, however, and was maintained in an inoperable condition. On June 17, 1987, while starting the backhoe as he had been instructed, Grant suffered serious and permanent physical injuries when the backhoe started and crushed him beneath a rear wheel.

The record reveals that Grant applied for and began receiving workers' compensation benefits for his injuries while he was still a minor.[3] A determination has not been made, however, concerning Grant's entitlement to temporary total disability benefits, specific disability benefits or additional compensation benefits. As a defendant, CBI intervened in this action as a third party plaintiff and has notified the plaintiffs of its claim, pursuant to General Statutes § 31-293 (a),[4] for reim-

school attendance may be on alternate half-days, full-days, weeks or other periods of time in fulfilling the cooperative work-study program.

"(c) Each person who employs a minor under the age of eighteen years shall obtain a certificate from the state board of education stating the age of such minor as provided in section 10-193. Such certificates shall be kept on file at the place of employment and shall be available at all times during business hours to the inspectors of the labor department.

"(d) Any person, whether acting for himself or as an agent for another, who employs or authorizes or permits to be employed any minor in violation of this section shall be fined not more than one hundred dollars."

[3] Grant has received more than $30,000 of indemnity and medical benefits.

[4] General Statutes § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such

bursement of benefits paid to Grant. CBI filed a motion to dismiss, claiming that the trial court lacked subject matter jurisdiction because Grant's application for and receipt of workers' compensation benefits precluded him, pursuant to § 31-284 (a), from bringing this action. The trial court granted CBI's motion.[5] On appeal, the plaintiffs claim that the trial court improperly concluded that: (1) an illegally employed minor who exercises his right to workers' compensation benefits is barred from pursuing his common law rights; (2) an illegally employed minor who exercises his right to workers' compensation benefits has ratified his employment contract and thereby has elected to forego his common law rights; and (3) to show "serious and willful misconduct" by his employer, Grant had to show that CBI deliberately intended to injure him.

The plaintiffs argue that our decision in *Blancato* v. *Feldspar Corporation*, 203 Conn. 34, 522 A.2d 1235 (1987), stands for the proposition that an illegally employed minor, such as Grant, is not governed by the exclusive remedy provisions of the Workers' Compensation Act, and, therefore, may pursue *both* a workers' compensation claim and a common law tort action. CBI contends that *Blancato* requires an illegally employed minor either to avoid the employment contract by bringing a common law tort action or to ratify the con-

injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. . . ."

[5] The defendant Charles Bassman also filed a motion to dismiss the counts against him, relying on the same ground asserted by CBI. The trial court had not ruled on Bassman's motion at the time this appeal was filed and, therefore, only the dismissal of the plaintiffs' complaint as to CBI is before this court. Bassman notified the appellate clerk, however, that he wished to join CBI in its brief on appeal.

tract by pursuing his workers' compensation remedy. CBI argues that, by applying for and receiving workers' compensation benefits, Grant ratified the employment contract and is thereby precluded under § 31-284 (a) from bringing a common law action. Because we conclude that CBI's claim that the plaintiff had made an exclusive election of remedies was not properly raised by a motion to dismiss, we do not reach the substantive issues raised by the parties in this appeal.

In its motion to dismiss, CBI claimed that Grant had elected his exclusive remedy by applying for and receiving workers' compensation benefits. CBI asserted that as a result of this election, the trial court lacked subject matter jurisdiction over this action. CBI argued, rather, that the workers' compensation commission had sole jurisdiction over the plaintiffs' claims. The trial court dismissed the plaintiffs' complaint against CBI on that basis.

" 'Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.' " *LeConche* v. *Elligers,* 215 Conn. 701, 709, 579 A.2d 1 (1990), quoting *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981). We start with the premise that the Superior Court has subject matter jurisdiction over a common law negligence action. The question raised by the present case is whether Grant's commencement of a proceeding with the workers' compensation commission ousted the trial court of such jurisdiction. "That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction. . . ." *LeConche* v. *Elligers,* supra, 709-10.

This court has not squarely addressed the question of whether a claim that an injured plaintiff has elected workers' compensation as his exclusive remedy deprives the Superior Court of subject matter jurisdiction over a tort action for personal injury. In the past, parties have raised and we have reviewed claims that an injured plaintiff's exclusive remedy is under the Workers' Compensation Act both by way of a motion to dismiss and by way of a special defense. Compare *Pallanck v. Donovan*, 105 Conn. 591, 136 A. 471 (1927) (plea in abatement), with *Mancini v. Bureau of Public Works*, 167 Conn. 189, 355 A.2d 32 (1974) (special defense), and *Bates v. Connecticut Power Co.*, 130 Conn. 256, 33 A.2d 342 (1943) (special defense). Because these cases did not address the propriety of the procedural posture, however, "[w]e do not read our case law . . . as conclusively deciding that such a claim is subject matter jurisdictional." *Gurliacci v. Mayer*, 218 Conn. 531, 543, 590 A.2d 914 (1991).

In *Fusaro v. Chase Brass & Copper Co.*, 21 Conn. Sup. 240, 154 A.2d 138 (1956), the trial court discussed the appropriate procedural mechanism for raising a claim that an injured plaintiff has made an exclusive election of workers' compensation. In that case, the defendant filed a plea to the jurisdiction and in abatement on the ground that workers' compensation was the plaintiff's exclusive remedy.[6] The court sustained the plaintiff's demurrer to the plea, concluding that the matter raised by the plea should properly have been raised by a special defense in the answer. Id., 244. In referring to the predecessor to § 31-284 (a), the court

[6] Prior to 1978, Connecticut had merged the common law plea to the jurisdiction with the plea in abatement. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 103, pp. 415–16. The 1978 amendments to the rules of practice replaced the plea in abatement with the motion to dismiss as the proper vehicle to challenge the court's jurisdiction. 1 W. Moller & W. Horton, Practice Book Annotated (3d Ed.) § 142.

stated: "It is true that our compensation act provides (Rev. 1949, § 7419) that as to an employee covered by it, 'the employer shall not be liable to any action for damages on account of personal injury.' *This provision, however, is not at all a denial of jurisdiction in the Superior Court, as such, but is basically a destruction of an otherwise existent common-law right of action.* The facts alleged in the plea to the jurisdiction would, if proven, establish such a destruction. Consequently, they constitute matter in bar. The confusion, if there be any, arises from the fact that the compensation procedure which is substituted for the common-law right of action involves a special tribunal, rather than the Superior Court. However, this is a mere incident of the destruction of the common-law right of action. *In other words, there is not a lack of jurisdiction in the court but a want of a cause of action in the plaintiff.*" (Emphasis added.) Id., 243; see also *Gurliacci* v. *Mayer,* supra, 541–45 (suit against fellow employee not subject to motion to dismiss for lack of subject matter jurisdiction).

We agree with the reasoning of the court in *Fusaro* that a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense.[7] The purpose of a special

---

[7] Connecticut case law in areas other than workers' compensation supports our conclusion that election of remedies should be pleaded as a special defense rather than by a motion to dismiss. See, e.g., *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 148 A.2d 554 (1959) (defendant executor alleged in special defense that plaintiff widow had made election of remedies by choosing to take statutory share rather than accept provisions made in husband's will); *Dotolo* v. *Petrucelli,* 5 Conn. Cir. Ct. 274, 250 A.2d 336 (1968) (defendant in personal injury action alleged in special defense that plaintiff had made election of remedies by first proceeding on written compromise settlement rather than alleged oral agreement); but see *Masone* v. *Zoning Board,* 148 Conn. 551, 172 A.2d 891 (1961) (trial court lacked jurisdiction to entertain zoning appeal because plaintiffs had elected review of board's decision by city's board of representatives as permitted by city charter). For cases in other jurisdictions regarding the proper procedural mechanism for raising a claim of election of remedies, see 25 Am. Jur. 2d, Election of Remedies § 35.

defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164. The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 127, p. 519. It is therefore both rational and fair to place the burden of pleading and proving an election of remedies on the party asserting the claim, usually the defendant. "It is sufficient to require the plaintiff to allege facts showing that at one time, at least, he had a cause of action. It would be an undue burden to require him to negate the occurrence of any and all subsequent events that could operate to destroy his cause of action." Id. In the present case, CBI asserted in a motion to dismiss that regardless of the truth of the allegations in the plaintiffs' complaint, they could not maintain a common law action because Grant had elected workers' compensation as his exclusive remedy. We conclude, however, that a special defense, and not a motion to dismiss, was the proper procedural vehicle for CBI's challenge to the plaintiffs' complaint.

The judgment is reversed and the case is remanded with direction to deny the motion to dismiss and for further proceedings according to law.

In this opinion the other justices concurred.