[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant-employer moves to dismiss the plaintiff's claim of discriminatory discharge under General Statutes 31-290a on the ground that the plaintiff may not file an action in the superior court when he has previously elected to pursue the claim before the Workers' Compensation Commission.
On June 1, 1992, the plaintiff Richard Baldassario served on the defendant, Plimpton Hills Corp., a one count complaint under the discriminatory discharge provisions of the Workers' Compensation Act (General Statutes 31-290a). The complaint alleges that the plaintiff worked as a delivery driver for the defendant until he injured himself on the job, on September 11, 1990. Due to his injuries, the plaintiff was unable to return to work until December 10, 1990. During the period the plaintiff was out of work, he applied for and received Workers' Compensation benefits. The complaint alleges that when the plaintiff returned to work on December 10, 1990, the defendant terminated his employment because he had filed for the Workers' Compensation benefits. CT Page 241
On July 29, 1992, the defendant moved to dismiss the plaintiff's complaint on the ground that the plaintiff could not bring the claim in superior court because the plaintiff had already elected to bring the claim before the Workers' Compensation Commission ("the Commission"). The defendant's memorandum in support argues that the language of General Statutes 31-290a
prohibits a claimant from initiating a claim before the Commission and then bringing or transferring the same claim to the superior court. The defendant's motion is supported by a memorandum and several exhibits. Among the exhibits are: (1) a letter dated December 11, 1990, in which the plaintiff notified the commission that the defendant had terminated him; (2) a letter from the Commission chairman, which assigns the plaintiff's case to a commissioner; (3) a notice of informal hearing, scheduled for April 17, 1991, sent from the Commission to the plaintiff; (4) a notice of formal hearing, scheduled for September 4, 1991, sent from the Commission to the plaintiff, and (5) a copy of Calderia v. State of Connecticut Department of Corrections,6 Conn. L. Rptr. 394 (May 11, 1992, Shaughnessy, J.). These documents may not be considered in support of the motion. Practice Book section 143 requires that documents supporting a motion to dismiss be in affidavit form. Boyd v. Payne,5 CSCR 279, 280 (April 10, 1990, Purtill, J.).
The plaintiff filed an objection to the motion to dismiss on October 28, 1992. The objection is supported by a memorandum that argues that the plaintiff did not choose the Commission as the forum in which to bring his claim. The memorandum merely states that the plaintiff will support its argument with oral testimony at short calendar, which was scheduled for November 2, 1992.
The purpose of a motion to dismiss is to "test . . . whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 995 (1983). (Emphasis added.) "The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book 143. CT Page 242
 Any employee [discharged as a result of receiving Workers' Compensation benefits] may either: (1) Bring a civil action in the superior court . . . or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of subsection (a) of this section. Upon receipt of any such complaint, the chairman shall select a commissioner to hear the complaint . . . .
(Emphasis added.) General Statutes 31-290a(b).
In Grant v. Bassman, 221 Conn. 465, 471-73 (1992), the Supreme Court held that on a motion to dismiss, a defendant could not argue that the plaintiff's claim was barred by the plaintiff's prior exclusive election to bring his claim before the Workers' Compensation Commission. Id., 473. Rather, the Court held that the defendant's argument must be raised by a special defense. Id. The Court reasoned that the exclusive election provision before it was
 not at all a denial of jurisdiction in the Superior Court, as such, but is basically a destruction of an otherwise existent common-law right of action. The facts alleged in the [motion to dismiss] would, if proven, constitute matter in bar . . . . In other words, there is not a lack of jurisdiction in the court but a want of a cause of action in the Plaintiff . . . .
 We agree with the reasoning of the court in [Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 154 A.2d 138 (1956)] that a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. The claim that a plaintiff has elected an exclusive remedy relies on facts CT Page 243 outside those alleged in the complaint that operate to negate what may once have been a valid cause of action. It is therefore both rational and fair to place the burden of pleading and proving an election of remedies on the party asserting the claim, usually the defendant.
(Emphasis in original; citations omitted.) Id., 472-73.
Section 31-290a also requires the plaintiff to make an exclusive election of the forum in which to bring his claim. See, e.g., Calderia v. State of Connecticut Department of Corrections, supra, 395, ("[t]he plain language of General Statutes 31-290a precludes seeking redress in one forum when another forum has already been selected by the plaintiff.") Under Grant v. Bassman, the defendant must raise its claim through a special defense, not a motion to dismiss. Accordingly, the defendant's motion to dismiss is denied.
Mary R. Hennessey, Judge