[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #101 SHORT CALENDAR, DECEMBER 14, 1992
FACTS
The facts as alleged in the plaintiff's complaint are as follows. On May 27, 1988, the plaintiff, Michael Maglieri ("Maglieri"), sustained a work-related injury. At the time, the plaintiff was employed by the defendant, Incorporated Construction LTD ("Incorporated"). Maglieri gave oral notice to Incorporated of the injury. Thereafter, Incorporated represented to Maglieri that his claim had been reported to the Workers' Compensation Commissioner. As a result of Incorporated's representations, Maglieri sought medical attention for his injuries. The defendant, however, failed to report the plaintiff's injuries in a timely manner.
As a result of the failure of the defendant to report the injury and to pay workers' compensation benefits, on September 18, 1992, the plaintiff filed an eight-count complaint against the defendant alleging damages due to the defendant's failure to timely pay benefits, breach of its obligation to deal in good faith, tortious breach of contract, violations of Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42a-110 et seq., and violations of Connecticut Unfair Insurance Practices Act ("CUTPA"), General Statutes 38a-815 et seq. On November 13, 1992, the defendant filed a motion to dismiss on the ground that exclusive jurisdiction to hear the claim is vested in the workers' compensation commission, and, therefore, the court lacks subject matter jurisdiction. The defendant filed CT Page 1121-J a memorandum of law in support of the motion. As of January 11, 1992, the plaintiff has filed no papers in opposition.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). Any defendant may contest the court's subject matter jurisdiction by filing a motion to dismiss. Practice Book 142, 145.
Subject matter jurisdiction is the power of the court "`to hear and determine cases of the general class to which the proceedings in question belong.'" (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debeck, 210 Conn. 175, 180, 554 A.2d 728
(1989).
The defendant argues that all matters addressing the duty to pay compensation benefits are within the jurisdiction of the compensation commissioner, and, therefore, the court lacks subject matter jurisdiction. However, "a special defense, and not a motion to dismiss, [is] the proper procedural vehicle for" alleging the exclusivity of the Workers' Compensation Act. Grant v. Bassman, 221 Conn. 465,472, 604 A.2d 814 (1992). In Grant v. Bassman, supra, the court reasoned that the compensation procedure provided for under the Workers' Compensation Act does not deny the superior court of jurisdiction, but rather destroys a common law right of action which the plaintiff would otherwise have. Id., 471-72, citing Fusaro v. Chase Brass Copper Co.,21 Conn. Sup. 240, 243, 154 A.2d 138 (1956). Therefore, the court does not lack subject matter jurisdiction, and the motion to dismiss is denied.
Dunn, J. CT Page 1121-K