[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed an action to recover for injuries allegedly sustained while he was employed by the defendant. The defendant filed a motion to strike the plaintiff's complaint pursuant to Practice Book 152 on the grounds that the claim stated is legally insufficient to state a cause of action as it is time bared by the applicable statute of limitations and alternatively that the claim is barred by the exclusivity provision of the Workers' Compensation Statutes. See General Statutes 31-284(a). The defendant filed a memorandum in support of its motion pursuant to Practice Book 155. The plaintiff filed an objection to the motion and an amended complaint dated July 23, 1993. The plaintiff alleged that the cause of action was based on an intentional tort and therefore the statute of limitations had been met. The plaintiff also claimed that the cause of action fell under the Jett v. Dunlap, 170 Conn. 215,425 A.2d 1263 (1979) exception, and the exclusivity provision of the Workers' Compensation statutes was not applicable.
A motion to strike is used to test the legal sufficiency of the allegations of any complaint ". . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 179, 544 A.2d 1185 (1988). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989); Mingachos v. CBS, Inc., 196 Conn. 91, 491 A.2d 368
(1985). In contrast, the purpose of pleading a special defense is to show that even when facts are plead that are consistent with the allegations of the complaint those facts demonstrate that the plaintiff has no cause of action. See Practice Book 164; Grant v. Bassman, 221 Conn. 465, 473, 603 A.2d 814 (1992).
The defendant's first argument in its motion to strike is based upon the statute of limitations. A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Forbes v. Ballaro, 31 Conn. App. 235, 239, ___ A.2d ___ (1992); Practice Book 164; see Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,528, 559 A.2d 712 (1989). Practice Book 164 states that the statute of limitations must be specially plead; stating in CT Page 7634 pertinent part:
 No facts may be proved under either a general or special denial except such as to show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, . . . the statute of limitations must be specially plead.
Practice Book 164.
The "advantage of the statute of limitations cannot be taken by a motion to strike. . . . The objection to this mode of pleading is that it raises no issue" and "deprives the plaintiff of an opportunity to reply a new promise or an acknowledgement." Forbes v. Ballaro, supra, 239 quoting O'Connor v. Waterbury,69 Conn. 206, 210, 37 A. 499 (1897). The motion may also deprive the plaintiff of the opportunity to "plead matters in avoidance of the statute of limitations." Forbes v. Ballaro, supra, 239.
The defendant's second ground in its motion to strike asserts the exclusivity of the Workers' Compensation Act as a bar to the plaintiff's action. In Grant v. Bassman, 221 Conn. 465,471 604 A.2d 814 (1922), citing Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 154 A.2d 138 (1956), the court found that the "appropriate procedural mechanism" for raising a claim that an injured plaintiff has made an exclusive election of workers' compensation is a special defense. Connecticut case law in other areas supports the court's conclusion that election of remedies should be pleaded as a special defense. Grant v. Bassman, supra., 472, n. 7. "The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action." Grant v. Bassman, supra, 473; 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) 127 p. 519.
Both the statute of limitations claim and the exclusivity of workers' compensation claim found in the defendant's motion to strike should be pleaded as special defenses in this case and therefore they were improperly pleaded in the motion to strike. Consequently, the motion to strike is denied. CT Page 7635