[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party plaintiff, Reaction Thermal Systems, Inc. CT Page 595 (Reaction), filed a two count complaint on May 21, 1993 against the third-party defendant, Chemicals, Inc. (Chemicals). The underlying action involves a products liability claim by C.N. Flagg and Co. (Flagg) against Reaction. In the third-party complaint, Reaction alleges that Chemicals is responsible for the damages caused to Flagg's property. Count one of third-party complaint is grounded in contribution and apportionment. Count two of the complaint is grounded in common law indemnity.
Chemicals filed a motion to strike the second count of the third-party complaint on August 26, 1993, on the ground that the count did not state a cause of action. This court (Gordon, J.) denied the motion on September 28, 1993, ruling that the second count was legally sufficient.
Chemicals filed an answer and special defenses on October 19, 1993. Chemicals asserts in its special defenses to count one that Flagg's own negligence caused the damages to its property. In its first special defense to count two, Chemicals asserts that the negligence of Reaction caused the damages to Flagg's property. In the second special defense to count two, Chemicals asserts that the count fails to state a legally cognizable cause of action.
Pursuant to Practice Book 152, Reaction moves to strike the second special defense to the second count. Reaction has filed a memorandum in support of its motion to strike. Chemicals filed a memorandum in opposition to the motion on the day of oral argument.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The trial judge "must construe the facts most favorably to the [non-moving party]." Id.
If the adverse party opposes the motion to strike, she must file a memorandum of law "an least five days before the date the motion is to be considered on the short calendar." Practice Book 155. "Although a timely memorandum is required, the failure to so file it can be waived by the trial court." Fitzpatrick v. East Hartford B.P.O. Elks, 3 Conn. L. Rptr. 209, 210 (January 25, 1991, Clark, J.).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, CT Page 596 nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992), citing Practice Book 164. The plaintiff must plead sufficient facts in support of its special defenses. See Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 208, 486 A.2d 649
(1985). A motion to strike is proper where the special defenses are not supported by factual allegations. Giuliano v. Bourgoir Insurance Agency Co., Inc., 2 Conn. L. Rptr. 190 (July 20, 1990, Hammer, J.).
In the present case, Chemicals' second special defense to the second count asserts only that the count fails to state a legally cognizable cause of action. The second special defense to the second count of Reaction's third-party complaint does not satisfy the necessary elements of a special defense. See Practice Book 164. Chemicals has not brought forth facts consistent with the second count so as to show the non-existence of a cause of action, but instead has plead a legal conclusion. Therefore, Chemicals' second special defense to the second count is legally insufficient.
The claim raised in the special defense at issue is more appropriately raised in a motion to strike. In fact, as noted above, such a claim was already considered by this court (Gordon, J.) in the context of Chemicals' motion to strike Reaction's second count; the motion to strike was denied.
Based on the foregoing, the motion to strike is granted on the procedural ground that the third-party defendant has failed to comply with Practice Book 155 since it did not timely file a memorandum in opposition to the motion to strike. Furthermore, Reaction's motion to strike is also granted on the ground that the second special defense to the second count is legally insufficient.
Howard F. Zoarski, Judge