[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
On October 23, 1992, the plaintiff filed this two count complaint against the defendants, Michael and Colleen Stample. The plaintiff alleges in count one that the defendant Michael Stample is liable for the reasonable value of the medical services he received from the plaintiff, yet failed or neglected to pay for following a proper demand for payment by the plaintiff. The plaintiff alleges in count two that the defendant Colleen Stample is liable for the value of the medical services provided to her husband, Michael Stample, pursuant to General Statutes 46b-37, and that Colleen Stample failed or neglected to pay for such services following a proper demand. The plaintiff seeks money damages and interest.
On October 28, 1993, the defendants filed an answer admitting that medical services were provided by the plaintiff to the defendant Michael Stample, and that a proper demand for payment was received by both defendants, but denied or left the plaintiff to its proof as to all other allegations. The defendants also CT Page 2436 asserted as a special defense that on or about May 1, 1992, the defendant Michael Stample, while riding a bicycle, was struck by an automobile negligently operated by Jason M. Beaudry. The special defense asserts that Jason Beaudry, rather than the defendants, is liable to the plaintiffs for the medical expenses. On December 1, 1993, the plaintiff filed a reply denying the special defense.
On October 28, 1993, the defendants filed a motion to implead Jason M. Beaudry as a third-party defendant, claiming that the third-party defendant is or may be liable for all of the plaintiff's claims against the defendants. The court (Hadden, J.) granted the motion to implead and ordered the third-party plaintiffs/defendants to serve the third-party defendant.
On December 20, 1993, the plaintiff filed a motion for summary judgment asserting that it was entitled to judgment on the issues of liability and damages as a matter of law because no genuine issue of material fact existed. The plaintiff submitted an affidavit from Bernard Lane, Director, P.F.A.S. for the plaintiff, who averred that he had personal knowledge of the accounts of the plaintiff hospital, that the defendants are indebted to the plaintiff for the reasonable value of the medical services received by the defendant Michael Stample and that the reasonable value for the services was $7,478.67. In its motion for summary judgment, the plaintiff relied on the defendants' answer, in which the defendants admitted that Michael Stample had received the services in question and that demand for payment had been made to Michael and Colleen Stample.
The defendants argue in opposition to summary judgment that a genuine issue of material fact exists regarding the issues raised by their special defense. The defendants submit in support of their opposition to summary judgment an affidavit of the defendant Michael Stample, wherein he avers that while riding his bicycle on a main road, he was struck by the third-party defendant's motor vehicle and as a result of the collision he was forced to receive the medical services presently at issue in this lawsuit.
DISCUSSION
 Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving CT Page 2437 party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
By way of special defense, the defendants allege that they are not liable to the plaintiff because the medical services were necessitated by the negligence of the third-party defendant and, therefore, the third-party defendant is directly liable to the plaintiff for the costs of the third-party plaintiff/defendant's medical expenses.
As noted above, the defendants argue that summary judgment cannot be granted because the plaintiff has not put any facts in issue regarding their special defense and, therefore, according to the defendants, the plaintiff has not satisfied its burden under Practice Book 384 to demonstrate that it is entitled to judgment as a matter of law.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). A defendant opposing summary judgment is not relieved from sustaining his burden of showing a material issue of fact merely by raising a special defense. Centerbank v. Silvermine Land Investment Corp., 8 Conn. L. Rptr. 61 (January 11, 1993, Lewis, J.). The defendant may not rely solely on the special defenses to show a material issue of fact and summary judgment may be granted on the plaintiff's complaint where the defendant has not provided any evidence in opposition to the plaintiff's motion for summary judgment. Id. CT Page 2438
In the present case, the plaintiff's affidavit indicates that the services were provided to the defendant and that the reasonable value of the services was demanded of the defendants, but not paid. (Plaintiff's Affidavit in Support of Summary Judgment.) The defendants do not dispute these facts, (Defendants' Memorandum in Opposition to Summary Judgment, p. 2.) The defendants have cited no authority in support of their special defense nor have they disclosed any evidence indicating a genuine issue of material fact as to the matters raised in the plaintiff's complaint. Because no genuine issue of material fact exists, summary judgment must be granted.
CONCLUSION
Based on the foregoing, the plaintiff's Motion For Summary Judgment is granted, as to liability only.
So ordered.
Michael Hartmere, Judge