[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a contract action brought by the plaintiffs, Brian O'Connell, Sharon O'Connell, and Central Medical, Inc. [CMI], seeking damages from the defendants, Brian McGann and BioGann Medical Services, Inc. [BioGann]. The plaintiffs allege the following facts. On July 10, 1990, BioGann and CMI entered into a written contract wherein CMI was to provide BioGann with a system for delivering its services to nursing homes. On April 26, 1991, BioGann was dissolved pursuant to the Stock Corporations Act, General Statutes § 33-282 et seq. On that same date, the plaintiffs were sent notice of BioGann's dissolution via certified mail. The notice informed the plaintiffs that any claims against BioGann that were not presented to BioGann's attorney before September 7, 1991 would be barred. The plaintiffs submitted an affidavit acknowledging receipt of the notice. The plaintiffs' affidavit also states that they arranged for notification of their claims to be hand delivered to BioGann's attorney. On September 10, 1991, the sheriff served a complaint on the defendants. On September 20, 1991, the plaintiffs filed this action in the New Haven Superior Court. On May 28, 1992, the plaintiffs filed a revised twelve count complaint alleging, inter alia, a breach of contract by McGann and BioGann. On October 9, 1992, BioGann filed a motion to dismiss those counts of the plaintiffs' complaint that are directed to BioGann, claiming that the court lacks subject matter jurisdiction because the plaintiffs failed to give timely notice of their claims.
The motion to dismiss is the vehicle by which a defendant can contest the jurisdiction of the court. "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). "[E]very presumption is to be indulged in favor of jurisdiction." LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), citing Demar v. Open Space ConservationComm., 211 Conn. 416, 425, 559 A.2d 1103 (1989).
BioGann argues that the plaintiffs failed to present notice of their claims within the limitation period proscribed by General Statutes § 33-379(d). By way of affidavit, BioGann states that it CT Page 11134-O never received timely notice of the plaintiffs' claims. The plaintiffs' failure to meet the statutory notice requirements, BioGann argues, bars the plaintiff from asserting claims against the corporation and, further, deprives the court of subject matter jurisdiction to entertain such claims.
On the other hand, the plaintiffs claim that BioGann's argument is procedurally inappropriate and cannot be raised on a motion to dismiss. The plaintiffs contend that the failure of notice does not deprive the court of subject matter jurisdiction, but rather that it is analogous to a claim of res judicata. The plaintiffs argue that BioGann's claim raises a legal defense to the action and should be specially pled. The plaintiffs argue, further, that they did provide BioGann with timely notice of their claims, and by way of affidavit state that they arranged for the notice to be hand delivered prior to the September 7, 1991 deadline.
Generally, a motion to dismiss is not the proper procedural vehicle to raise the defense of statute of limitations. "The existence of a statute of limitations defense would not deprive a court of subject matter jurisdiction." Lovett v. Frankel,5 Conn. L. Rptr. 397, 398 (January 6, 1992, Schaller, J.). See also RossRealty Corp. v. Surkis, 163 Conn. 388, 391, 311 A.2d 74 (1972). However, a time limitation on filing a suit that is contained in statute that establishes a remedy not available at common operates differently.
 The general rule is that where a right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural. . . . Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the proscribed period and not thereafter. In this situation . . . the statute of limitations . . . is considered substantive or jurisdictional. . . .
Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 445-46,551 A.2d 1220 (1988). "Such time limitations on the enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action." Bergin v. Bergin, CT Page 11134-P3 Conn. App. 566, 569, 490 A.2d 543, cert. denied, 196 Conn. 806,404 A.2d 903 (1985).
The defendant cites Dimitriou v. Department of Public Safety, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 357000 (June 10, 1992, Burns, J.) to support its contention that the failure to give notice pursuant to General Statutes § 33-379(d) deprives the court of subject matter jurisdiction. The Dimitriou court, however, granted the defendant's motion to dismiss for the plaintiff's failure to bring suit within the time requirements of § 33-379(c). Section 33-379(c) provides:
 Subject to the provisions of subsection (d) of this section, any action, suit or proceeding against a dissolved corporation for any right or claim existing at, or for any liability incurred prior to, dissolution shall be barred if not commenced within three years after the last publication of the notice provided for in subsection (a) of this section. (Emphasis added.)
The time limitation in § 33-379(d) is not concerned with when a suit may be commenced, but, rather, when and how a plaintiff must give a dissolved corporation notice of its claims. Section 33-379(d) provides:
 At any time after the dissolution of a corporation. . . . Written notice shall be sent to all known creditors of the corporation warning them to present their claims. . . . Such notice to creditors shall state to whom, at what place and the time limit within which, which time limit shall not be less than four months after the date of mailing such notice, such claims are to be presented. The notice shall also state expressly that claims not presented as therein provided will be barred. . . . All unsecured claims, including all deficiency claims on secured claims, of any person to whom such written notice was sent, not presented as therein provided, shall be barred.
The defendant cites no cases where a plaintiff's failure to CT Page 11134-Q give timely notice of its claim has deprived the court of subject matter jurisdiction. Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera,207 Conn. 420, 427, 541 A.2d 1216 (1988). The failure to give notice is analogous to "the destruction of a common-law right of action. In other words, there is not a lack of jurisdiction in the court but a want of a cause of action in the plaintiff." Grant v.Bassman, 221 Conn. 465, 472, 604 A.2d 814 (1992), quoting Fusaro v.Chase Brass Copper Co., 21 Conn. Sup. 240, 154 A.2d 138 (Super. Ct. 1956).
Accordingly, the defendant's motion to dismiss is denied.
Martin, J.