[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKESPECIAL DEFENSES AND COUNTERCLAIM (DOCKET ENTRY NO. 111)
On August 8, 1996, the plaintiff, Berkeley Federal Bank Trust FSB, filed a one count complaint in foreclosure against the defendant, Angelo R. Framularo. The plaintiff alleges in its complaint that on July 15, 1986, the defendant executed a note in favor of People's Bank in the principal amount of $85,000. The plaintiff also alleges that on the same date the defendant executed a mortgage on property known as 381-383 Indian Avenue, Bridgeport, Connecticut, as security for the note. The plaintiff further alleges that the note and mortgage were assigned by People's Bank to the plaintiff on March 28, 1996, and that the defendant defaulted on his payments on February 1, 1996. On January 1, 1997, this court granted the plaintiff's motion to substitute Ocwen Federal Bank Trust FSB as party plaintiff due to the change in the plaintiff's corporate title.
On September 27, 1996, the defendant, appearing pro se, filed his answer, special defense and counterclaim. In his "special defense and counterclaim" the defendant alleges that in July of 1995, the plaintiff's agent, posing as a police officer, trespassed on the defendant's property, informed the defendant's tenants that the plaintiff, not the defendant, now owned the property, and that the tenants no longer had to pay the defendant rent. The defendant also alleges that he was not given notice of the transfer of the note in violation of 12 U.S.C. § 2605; that the plaintiff would not accept his payments; and that the plaintiff did not cooperate in his attempts to refinance.
On March 7, 1997, the plaintiff filed a motion to strike the defendant's special defense and counterclaim. The plaintiff also filed a memorandum of law in support. The defendant did not file a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 3773 [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiff argues that the allegations of the defendant do not arise out of the making, validity or enforcement of the note and mortgage, and therefore are not proper special defenses. The plaintiff further contends that as the defendant's allegations are not related to the note or mortgage, but rather arise out of later conduct of the plaintiff, the allegations do not arise out of the same transaction as the complaint.
This court has previously stated that "special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) Praedium Chief LLC v. Sargent, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330307 (August 21, 1996, West, J.). Furthermore, "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.).
Additionally, "Practice sook § 168 permits a defendant to CT Page 3774 assert in law or in equity any counterclaim that he has against the plaintiff's demand, provided that the counterclaim arose out of the same transaction that is the subject of the plaintiff's complaint." (Internal quotation marks omitted.) ConnecticutNational Bank v. Voog, 233 Conn. 352, 368, 658 A.2d 172 (1995).
The defendant alleges in his "special defense and counterclaim" that agents of the plaintiff trespassed, made misrepresentations to the defendant's tenants, refused to accept his payments, and did not send him an appraisal for which he had paid. Clearly, the facts alleged by the plaintiff regarding trespass, misrepresentation, and the failure to send the appraisal for purposes of refinancing, do not relate to the making, validity or enforcement of the note because the allegations regard later actions of the plaintiff which are unrelated to the note or mortgage. The defendant also alleges that the plaintiff refused to accept payments, however, "[o]nce a bank declares an intention to accelerate and foreclose a mortgage, the borrower cannot bar foreclosure by payment of any amount less than that specified in the acceleration provision of the mortgage." Source One MortgageServices v. Schwartz, Superior Court, judicial district of Middlesex, Docket No. 068700 (December 8, 1994, Aurigemma, J.).
The defendant also alleges that he did not receive notice of assignment of the note and mortgage, in violation of 12 U.S.C. § 2605. Nevertheless, § 2605(j)(1) provides that a lender is not liable for violation if application for the loan was made before the regulations were to take effect. The plaintiff alleges in his complaint that the loan was made in 1986, while § 2605 was enacted years later. Moreover, 12 U.S.C. § 2606 provides that § 2605 does not apply to credit transactions for business purposes. Further, the allegations of the complaint, and the defendant's answer demonstrate that the property in question was leased to tenants and was not the defendant's residence; consequently, § 2605 is inapplicable to the present action. Inasmuch as the defendant's special defenses and counterclaim do not relate to the making, validity or enforcement of the note or mortgage, or arise out of the same transaction, the plaintiff's motion to strike the defendant's "special defense and counterclaim" is granted.
WEST, J.