[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#107)
The plaintiffs' complaint which sounds in negligence, reckless conduct, and products liability alleges the following facts. On March 21, 1996, the plaintiff, Timothy Walls, reported to work for the defendant, Cablevision. At approximately 9:00 a.m. that day, the plaintiff, while performing duties in furtherance of his employment with Cablevision, attempted to close a garage door. The garage door descended upon a garbage can. The plaintiff removed the garbage can from beneath the door when the door suddenly gave way and collapsed onto the plaintiff s left leg. As a result of this incident, the plaintiff suffered severe emotional and physical injuries including the amputation of his left leg. Additionally, the plaintiff's wife, felice Walls, alleges that as a result of this incident, she suffered substantial financial and emotional injuries including loss of consortium.
On May 21, 1998, Cablevision filed a motion to dismiss counts ten and twelve of the plaintiffs' complaint. The defendant's grounds for its motion to dismiss are: (1) that the court lacks subject matter jurisdiction; and (2) that the court lacks personal jurisdiction. The defendant argues in support of its motion to dismiss, that the plaintiffs' cause of action against Cablevision is barred by the exclusivity provisions of the Workers' Compensation Act, General Statutes § 31-275 et seq.[1]
CT Page 11565
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss shall be used to assert(1)lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995); see also Malasky v. Metal Products Corp., 44 Conn. App. 446, 456
n. 8, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539
(1997).
The defendant argues in its memorandum in support of its motion to dismiss that count ten of the plaintiffs' complaint should be dismissed because "the Workers' Compensation Act provides the exclusive remedy by an employee against his employer for an injury occurring during the regular course of his employment." Additionally, the defendant argues that count twelve, which alleges economic loss as well as loss of consortium on the part of felice Walls, should be dismissed because it is "derivative of the Tenth Count."
The plaintiffs argue in their memorandum in opposition to the motion to dismiss that the "allegations [in the complaint] bring the case within one or more of the acknowledged exceptions to the exclusivity rule." Further, the plaintiffs argue that "Connecticut law does not permit the granting of a motion to dismiss under the circumstances of this case."
The defendant's exclusivity claim should be raised as a special defense and not by way of a motion to dismiss. The Connecticut Supreme Court has noted the following regarding the exclusivity rule of the Workers' Compensation Act: "It is true that our compensation act provides . . . that as to an employee covered by it, the employer shall not be liable to any action for damages on account of personal injury. This provision, however,is not at all a denial of jurisdiction in the Superior Court, assuch, but is basically a destruction of an otherwise existentcommon-law right of action. The facts alleged in the plea to the jurisdiction would, if proven, establish such a destruction. Consequently, they constitute matter in bar. The confusion, if there be any, arises from the fact that the compensation procedure which is substituted for the common-law right of action involves a special tribunal, rather than the Superior Court. However, this is a mere incident of the destruction of the common-law right of action. In other words, there is not a lack
CT Page 11566of jurisdiction in the court but a want of a cause of action inthe plaintiff." (Citations omitted; emphasis in original; internal quotation marks omitted.) Grant v. Bassman,221 Conn. 465, 472, 640 A.2d 814 (1992).
Furthermore, "a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by special defense . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164 [now Practice Book (1998 Rev.) § 10-50]. The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 127, p. 519. It is therefore both rational and fair to place the burden of pleading and proving an election of remedies on the party asserting the claim, usually the defendant. It is sufficient to require the plaintiff to allege facts showing that at one time, at least, he had a cause of action. It would be an undue burden to require him to negate the occurrence of any and all subsequent events that could operate to destroy his cause of action . . . We conclude. [therefore], that a special defense, and not a motion to dismiss, [is] the proper procedural vehicle for [a] challenge to the [plaintiff's] complaint." (Internal quotation marks omitted.) Grant v. Bassman, supra,221 Conn. 472-73.
Under the holding of Grant v. Bassman, supra, 221 Conn. 472, the defendant in the present case fails to establish that this court lacks subject matter jurisdiction. In the present case, the plaintiffs' claims sound in negligence. And the Connecticut Supreme Court has stated that "the Superior Court has subject matter jurisdiction over a common law negligence action." Grantv. Bassman, supra, 221 Conn. 470. Moreover, under the holding of Grant, the defendant's allegation that the plaintiffs elected their remedy would require the court to rely on facts outside those alleged in the complaint. See Grant v. Bassman, supra,221 Conn. 473. These allegations should be raised by the defendant as a special defense in accordance with Practice Book (1998 Rev.) § 10-50 and not in a motion to dismiss pursuant to Practice Book (1998 Rev.) § 10-31. See Grant v. Bassman, supra.221 Conn. 473.
Based on the foregoing, the court denies the defendant's CT Page 11567 motion to dismiss counts ten and twelve of the plaintiffs' complaint.
MINTZ, J.