[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
The plaintiff, James Hubbard, filed a single-count complaint on January 11, 2000. In the complaint, the plaintiff alleges that he was injured when he fell from a small platform located on the rear of the garbage truck driven by his coworker, the defendant Richard Powell. The plaintiff further alleges that the defendant was negligent in driving at an unreasonable speed, as well as in a number of other ways, and that his negligence caused the plaintiff's fall.
On February 24, 2000, the defendant filed a motion to dismiss the complaint on the ground that the court lacks subject matter jurisdiction over the plaintiff's claim. Specifically, the defendant argues that this action is barred by the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284. The defendant argues, in CT Page 7942 its memorandum of law in support of its motion, that he was the plaintiff's employer at the time of the plaintiff's workrelated injuries, and that the plaintiff therefore may not maintain a negligence action in this court because of the exclusivity provisions of the Workers' Compensation Act. See General Statutes § 31-284 (a). The plaintiff responds that the plaintiff may be sued under General Statutes § 31-293a, which allows an employee to sue a fellow employee for injuries caused by the fellow employee's negligence in operating a motor vehicle. According to the plaintiff, the defendant was an "employee" under the Workers' Compensation Act because he was a sole proprietor who accepted the provision of the Act. See General Statutes § 31-275 (9) (A) (ii).
The court will not reach the merits of these arguments, however, because they are not properly presented on a motion to dismiss. "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter, Practice Book § 10-31(a). In Grant v. Basaman,221 Conn. 465, 470, 604 A.2d 814 (1992), the Supreme Court addressed whether a motion to dismiss is the proper procedural tool by which to raise a claim that an action is barred by the exclusivity provisions of the Workers' Compensation Act: "`It is true that our compensation act provides . . . that as to an employee covered by it, "the employer shall not be liable to any action for damages on account of personal injury."This provision, however, is not at all a denial of jurisdiction in theSuperior Court, as such, but is basically a destruction of an otherwiseexistent common-law right of action. The facts alleged in the plea to the jurisdiction would, if proven, establish such a destruction. Consequently, they constitute matter in bar. The confusion, if any arises from the fact that the compensation procedure involves a special tribunal, rather than the Superior Court. However, this is a mere incident of the destruction of the common-law right of action. In otherwords, there is not a lack of jurisdiction in the court but a want of acause of action in the plaintiff.'" (Emphasis in original.) Td., 472, quoting Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 243,154 A.2d 138 (1956)
"We agree with the reasoning of the court in Fusaro that a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § [10-50]. The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action. It is therefore both rational and fair to place the burden of pleading and proving an election of remedies on the CT Page 7943 party asserting the claim, usually the defendant." Grant v. Bassman, supra, 221 Conn. 472-73.
Accordingly, the defendant's claim that the plaintiff's action is barred by the operation of the exclusivity provision of General Statutes § 31-284 (a) is not properly raised by a motion to dismiss. Consequently, the motion to dismiss is denied.
 BY THE COURT: Dyer, Judge.