[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a foreclosure action in which the plaintiff, Great Western Bank, has filed a motion (#118) to strike a special defense and a counterclaim filed by the defendants, Jacob Beauvais and Emilie Beauvais.[1] The pleadings indicate that on November 30, 1988, the defendants executed a promissory note and CT Page 432 mortgage deed to Great Western Mortgage Corporation, that the note and mortgage were subsequently assigned to the plaintiff, that the note is in default, and that plaintiff seeks a strict foreclosure of its mortgage.
The defendant, Emilie Beauvais, did not deny these allegations of the complaint but did file a special defense and counterclaim alleging that because plaintiff has "arbitrarily decided not to participate in the Emergency Mortgage Assistance program" the plaintiff was "estopped" from foreclosing its mortgage, and that the defendant was entitled to "compensatory damages, costs and interest".
The motion to strike filed by the plaintiff contends that a special defense and counterclaim based on a mortgagee's nonparticipation in the emergency mortgage assistance program as set forth in Public Act 93-414, effective July 1, 1993, subsequently codified as General Statutes § 8-265cc(4), fails as a matter of law to assert a claim upon which relief may be granted. Pursuant to Practice Book § 152(5), if a party wishes to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof. Ivey, Barnum O'Mara v. Indian HarborProperties, Inc., 190 Conn. 528, 530 n. 2, 461 A.2d 1369 (1983). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the CT Page 433 complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992).
In opposing the plaintiff's motion to strike, the defendant claims that the plaintiff's nonparticipation in EMAA constitutes a breach of the implied covenant that the plaintiff must act in good faith and fair dealing in its relationship to the defendant, and that as a result, the plaintiff is "estopped" from foreclosing its mortgage and is also liable to the defendant in damages.
The motion to strike is granted because section 1(4) of Public Act 93-414 clearly states that it applies only when a lender such as the plaintiff "agrees to participate in the program." The legislative history relating to this act reveals that the bill originally passed required participation by mortgagees, but was subsequently amended to make the program voluntary on the part of mortgagees. 36 H.R. Proc., Pt. 36, 1993 Sess., p. 13063-72.[2] Therefore, plaintiff's motion to strike defendant Emilie Beauvais' special defense and counterclaim is granted.[3]