[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal, taken pursuant to Division 2, Section 2709 of the Charter and related laws of the City of Waterbury, from the April 26, 1994 decision of the Retirement Board (the Board) of the City of Waterbury to reduce the plaintiff Daniel O'Neill's disability pension. Before the court is the plaintiff's motion to strike the defendant's special defense in which the City claimed it was required to reduce payments because of Internal Revenue Code provisions. Despite the fact that the defendant City has pled that the provisions of Section 415 of the Internal Revenue Code "required" reduction of the plaintiff's pension from the rate at which he retired, the IRS Code carries within it no such mandate. The motion to strike is granted.
On June 5, 1995, the plaintiff, Daniel O'Neill, filed a second amended appeal from the decision of the Board. The amended appeal contains the following allegations. During October, 1994, the plaintiff retired from the Waterbury Fire Department under a disability pension after twenty eight years of service. At this time, the Board determined that the plaintiff's pension benefits were $73,820.40 per year, payable CT Page 13091 monthly in the amount of $6,151.70. In February, 1995, the Board recalculated the plaintiff's annual pension at $75,727.20, payable in monthly installments of $6,310.60. On April 26, 1995, the Board voted to reduce the plaintiff's monthly pension from $6,310.60 to 6,015.56, representing a reduction in annual payments from $75,727.20 to $72,186.72. The plaintiff received no prior notice that a reduction of his pension benefit would be considered by the Board at its April 26, 1995 meeting. The plaintiff alleges that the Board's decision to reduce his pension was "illegal, arbitrary and in violation of his right to receive pension benefits, including disability benefits, as provided therein."
In July of 1995, the defendant filed an answer to the plaintiff's second amended appeal which included a special defense. In it, the defendant claims:
 Pursuant to the limits imposed by Section 415 of the Internal Revenue Code, the Defendants, City of Waterbury, et al were required to reduce the pension of the Plaintiff, Daniel O'Neill. The Agreement between the City of Waterbury and the Firefighters Association Local 1339 International Association of Firefighters Association was entered into with the presumption that it comply with the law.
It is this special defense that the defendant City has moved to strike.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472, 604 A.2d 814
(1992); see also P.B. § 164. If the facts provable under the allegations of the special defense, show that plaintiff's allegations, even if true, do not assert a legal cause of action, then the motion to strike should be granted.
"[26 U.S.C.] Section 401(a)[1] lists various requirements that must be met by a trust forming part of a pension or profit sharing trust in order for that trust to be eligible for favorable tax treatment under various sections of the Internal Revenue Code. [26 U.S.C.] 401(a)(16) provides that `A trust shall not constitute a qualified trust under this section if the plan of which such plan is a part provides for benefits which CT Page 13092 exceed the limitations of [26 U.S.C.] section 415[2].'" BuzzettaConstruction Corp. et al v. Commissioner, 92 TC No. 35, 92 T.C. 641
(1989). "If a trust qualifies under section 401(a), contributions made on behalf of employees are not includible in the employees incomes until the year those amounts are actually distributed or made available to them. Section 402(a)(1). If atrust fails to qualify under section 401(a), however, employercontributions are included in the employees' incomes inaccordance with section 83. Section 402(b)." (Emphasis added.) Id., 2906.
In support of its motion to strike, the plaintiff argues that nothing in Internal Revenue Code § 415 either requires or permits the defendant to reduce his pension benefits in order to retain the qualified status of the plan. In opposition, the defendant contends that it was required to reduce the plaintiff's pension in order to preserve the qualified status of the plan. The defendant argues that sections 401 and 415 of the Internal Revenue Code became a part of the parties' agreement are read into the agreement as if they were express. The defendant relies upon Cislo v. City of Shelton, 35 Conn. Sup. 645,652, 405 A.2d 84 (App. Sess. 1978), and its language that "[s]tatutes existing at the time a contract is made become part of it and must be read into it as if an express provision to that effect were inserted, therein, except where the contract discloses a contrary intention." The defendant also relies upon the legal principle that "parties contract with reference to existing law, except when the contract discloses a contrary intention." Hatcho Corporation v. Della Pietra, 195 Conn. 18,21, 485 A.2d 1285 (1985).
Internal Revenue Code Section 415 neither supersedes nor invalidates contract provisions which provide for the payment of pension benefits in excess of section 415 limits. Instead, it provides overall limitations on contributions and benefits allowed under qualified pension plans which receive favorable tax treatment. If a pension plan chooses to comply with the limitations of Section 415, it is entitled to favorable tax treatment. If payments are made in excess of the limitations imposed by the Code, the plan loses its favorable tax status.
Even if the terms of Section 415 have been incorporated into the pension contract between the parties, a plan which fails to comply with these limitations is not unlawful; instead, it simply forfeits its exempt status. Because Section 415 does CT Page 13093 not require the reduction of the plaintiff's pension, despite the special defense allegations to the contrary, the plaintiff's motion to strike the defendant's special defense is granted.
It is worth mentioning that this same conclusion has been reached in a recent decision of the United States District Court for the Eastern District of Missouri. Schierholz v. GoldmanFinancial Group, 875 F. Sup. 595 (E.D.Mo. 1995). In Schierholz,
the plaintiff was a retired executive who was receiving a monthly ERISA pension from his employer. Approximately four years after his retirement, the plaintiff was rehired by his previous employer. At this time, the retirement plan administrator advised the plaintiff that his pension benefits would be suspended during his period of reemployment. The administrator justified his action, in part, upon the fact that the continued payment of these benefits would violate the requirements of Internal Revenue Code § 401 and could thus result in the disqualification of the plan. The Missouri district court rejected this rationale, holding that "[a] plan administrator cannot rewrite the terms of a plan so as to take away an accrued benefit in order to protect the qualified status of the plan." Id., 598. Schierholz supports the conclusion that Sections 401 and 415 did not require the reduction of accrued pension benefits which have vested and already commenced in order to protect the qualified status of a pension plan.
As amended, the special defense pled that the reduction in monthly payments was mandated by the Internal Revenue Code. It is not. The second sentence of the special defense suggests, while not explicitly saying, that the contract between the union and the City does not comply with the Internal Revenue Code and that compliance is not possible unless the reduction is made. A plan "complies" with the Code even if excessive contributions or pension payments do not permit favorable tax treatment under Sections 26 U.S.C. § 401(a) and 26 U.S.C. § 415. The motion to strike is granted.
FLYNN, J.