[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The Motion to Strike Counts seven through eighteen of the plaintiff's complaint is denied.
As to counts seven through twelve alleging negligent and infliction of emotional distress it is the defendants' claim that these allegations fall within the exclusive its provisions of the workers compensation act. Inasmuch as the defendants' claim that no cause of action exists the appropriate challenge is by way of a special defense. Cecere v. LaBonne's Epicure, Inc., 8 "Conn. L. 473 Rptr. 465 (March 11, 1993). Grant v. Bassman, 221 Conn. 465.
As to counts thirteen and fourteen alleging self publication of a defamatory statement the defendants' claim that these counts should be stricken as Connecticut does not recognize such a cause of action. Similar allegations have been recognized by several of the judges of the Superior Court of Connecticut. Among them are Judge Mack in Lusky v. Ashford, 4 CSCR 573 (June 28, 1989) Judge Flanagan in Spain v. B. C. BS, 2 CSCR 424 and Judge Sequino inGaudio v. Griffin Health Service, 8 CSCR 235 (December 19, 1991). Simply because the Appellate Courts of Connecticut have not had the issues presented to them is an insufficient basis on which to deny the plaintiffs an opportunity to present such claims to the court. CT Page 6374
As to counts fifteen, sixteen and seventeen the plaintiffs allege that their privacy has been invaded by the defendants vacated false statements regarding the plaintiffs and have placed the plaintiffs in a "false light." The defendants claim that since the plaintiff does not allege that such statements were made to the general public the count should be stricken.
In order to establish invasion of privacy by false light the plaintiff must show "(a) the false light in which the other was placed would be highly offensive to a reasonable persons and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." Rest. (Second) Torts, 652(e) Goodrich v.Waterbury Republican American Inc., 188 Conn. 107, 127. It does not appear that this form of invasion of privacy requires publication to the general public but simply "To Another" and so becomes a question of fact as to the extent of the publication.
As to count eighteen the defendants claim that the allegations that the defendant could be reconsidered for employment if he complied with certain conditions and thereafter failed to retire the plaintiff is insufficient to establish an invasion of the plaintiffs privacy. The Restatement of Torts (Second Edition) Sec. 652 B describes a cause of action for an intrusion upon another "if the intrusion would be highly offensive to a reasonable person." See Poulos v. Pfizer, Inc., 6 Conn. L. Rptr. 545, 546 (June 24, 1992). Thus it is for the trier of fact to determine whether the actions of the defendants, if established, rose to such a level.
George W. Ripley, Judge