[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Scirocco Partners, have brought an action against the defendants, Arthur Collins and Arthur D. Emil, seeking to collect on a promissory note executed by the South Norwalk Redevelopment Limited Partnership (South Norwalk) and guaranteed by the defendants. The defendants filed an answer, special defenses and a counterclaim. In their first special defense, the defendants allege that South Norwalk has filed for bankruptcy relief, thereby barring the accrual of interest, default interest, late charges and prepayment premiums. In their second special defense, the defendants allege that the note was secured by a mortgage of real property, that at the maturity of the note the value of the property exceeded the indebtedness, but the plaintiff did not pursue any remedies under the note and mortgage and therefore are estopped from claiming interest, default interest, late charges or prepayment premiums. The defendants also allege in their counterclaim that the acts of the plaintiff alleged in the second special defense constitute a violation of the covenant of good faith and fair dealing. CT Page 6155
The plaintiff filed this motion to strike the defendants' special defenses and counterclaim on the grounds that the guaranty provides that the defendants are liable for all interest, default interest, late charges or prepayment premiums; that bankruptcy law does not provide that limitations on actions against principal debtors also protects guarantors; and, the guaranty provides that the plaintiff has no duty to exercise any remedies upon default. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the non-moving party." (Internal quotation marks omitted.) Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The defendants argue that because South Norwalk is in bankruptcy, interest, default interest, late charges and any prepayment premiums cannot accrue pursuant to § 506(b) of the Bankruptcy Code. The plaintiff argues that the bankruptcy law invoked by the defendants only applies to South Norwalk and not to defendants as guarantors.
The court in FDIC v. LaPierre, 144 B.R. 581, 585 (D.Me. 1992), determined that the reorganization of a debtor under the rules of bankruptcy did not affect the plaintiff's rights under the guaranties at issue, noting that the "guaranties were separate and independent contracts, distinct from those of the principal debtor." Furthermore "[i]f the creditor does not receive the full amount of the original debt in the bankruptcy proceeding, the guarantors generally remain CT Page 6156 liable for the unpaid portion of the original debt, even if the creditors agree to discharge the guarantor's liability pursuant to a plan of reorganization." D. Cowans, Bankruptcy Law and Practice, § 5.68 (1994).
In the present case the defendants allege that South Norwalk is in bankruptcy, and provide authority involving instances where a bankruptcy court has exercised jurisdiction over non-debtor guarantors. However, the defendants have not alleged that the bankruptcy court has asserted any jurisdiction over the obligations the defendants have incurred through the guaranty at issue. Furthermore, in paragraph 1, the guaranty expressly provides for the payment of interest, late charges, prepayment fees, penalties and premiums. Therefore, 11 U.S.C. § 506(b) is applicable to South Norwalk as the debtor in bankruptcy and not to the defendants as guarantors. Accordingly, the plaintiff's motion to strike the defendants' first special defense is granted.
The plaintiff argues that the second special defense should be stricken because the guaranty provides that the plaintiff had no duty to exercise any remedies to reduce the risk of the defendants. The defendants contend that the plaintiff led the defendants to believe that they would not be defaulted while they attempted to refinance, and that the defendants relied on this to their detriment, thus equitably estopping the plaintiff from enforcing the guaranty.
"Successful assertion of the doctrine of equitable estoppel requires proof of two elements: (1) a statement or action by the party against whom estoppel is claimed designed to induce reliance on that statement or action; and (2) a changed position by the second party in reliance on the act or statement of the first that results in loss or injury to the second party. . . . `For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party.'" Rosenfield v. MetalsSelling Corp., 229 Conn. 771, 793, 643 A.2d 1253 (1994).
The defendants have alleged in their second special defense that the plaintiff insisted that the defendants seek refinancing rather than exercising its remedies under the guaranty, that the defendants relied upon this, and that they were injured in that the interest, default interest, late charges and prepayment premiums continued to accrue. Therefore, the plaintiff's motion to strike the defendants' second special defense is denied. CT Page 6157
Regarding the counterclaim, the plaintiff argues that the plaintiff cannot breach the covenant of good faith and fair dealing by exercising its rights under the guaranty. The defendants contend that the plaintiff breached the covenant by inducing the defendants to incur greater liability on the debt service charges.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501
(1992).
The defendants allege in their counterclaim that the plaintiff's sole purpose in not exercising its available remedies was to increase the debt service guaranteed by the defendants. Although the guaranty provides that the plaintiff has no duty to assert a remedy to reduce the risk to the defendants, the guaranty does not provide that the plaintiff may forego or delay its remedies for the purpose of increasing the defendants' liability on the guaranty. The defendants' allegations that plaintiff's actions were intended solely to increase the defendants' liability are sufficient to support a cause of action based on a violation of the duty of good faith and fair dealing. Accordingly, the plaintiff's motion to strike the defendants' counterclaim is denied.
So Ordered.
D'ANDREA, J.