[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Centerbank ("the bank"), brings the present action to foreclose on a mortgage executed by Buselli Associates ("the partnership"), a Connecticut general partnership, and to CT Page 2662 obtain a money judgment against the defendant, Robert N. Williams, a former general partner of the partnership and one of four guarantors of the promissory note in question, which evidenced a commercial revolving loan to the partnership. Before the court is the plaintiff's motion to strike the defendant's special defenses, which are all based on a forbearance agreement between the bank and the partnership pursuant to which the due date of the promissory note was extended. The plaintiff contends that the special defenses are legally insufficient because the defendant, in the guaranty, waived any such defenses. The defendant claims that the resolution of this issue involves a question of fact which cannot be decided on a motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214
(1992). A motion to strike is properly used to contest "the legal sufficiency of any answer including any special defense contained therein." Nowak v. Nowak, 175 Conn. 112, 116 (1978).
Practice Book Section 164 provides in pertinent part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action."Grant v. Bassman, 221 Conn. 465, 471-472, 604 A.2d 814 (1992). Therefore, if the facts provable "under the allegations of the special defense, construed in the light most favorable to the defendant show, notwithstanding the verity of the plaintiff's allegations, that the plaintiff has no cause of action, then the motion to strike must fail." Ohler v. Ohler, Superior Court, judicial district of Litchfield, Docket No. 0059325 (February 3, 1993).
The defendant has filed four special defenses, each of which relies on the same factual allegations. The defendant CT Page 2663 alleges that at a time when the defendant had withdrawn from the partnership, the original promissory note payable to the bank came due and the bank, the remaining partners and the partnership entered into a forbearance agreement, pursuant to which the bank extended the due date of the loan. The defendant alleges that he did not agree to the forbearance agreement nor did he have any notice of the agreement. He further alleges that when the note originally came due, it was "adequately secured" by the value of the mortgaged property, but as a result of the extended due date and the intervening decline in property values, the value of the mortgaged premises has declined. The defendant's claim, stated succinctly in its memorandum of law, is that "[t]he net effect of the forbearance agreement was to postpone the date on which the Note would be due to a time when the value of the property decreased to Williams' greater financial risk." The plaintiff claims discharge from liability in the first special defense, waiver by the bank of its rights against the defendant in the second special defense, estoppel against the bank in the third special defense and laches against the bank in the fourth special defense.
The terms of the guaranty signed by the defendant provide:
 the undersigned . . . hereby unconditionally guarantee the prompt payment of the within note . . . hereby consenting that the terms and conditions of said note
and said Commercial Revolving Loan Agreement may be changed or the time of principal or interest payments extended . . . all without notice to or further assent by any of the undersigned, each of the undersigned to remain bound upon this guaranty notwithstanding any such change or extension . . . or other indulgence granted the maker of said note.
(Emphasis added.) The court finds that both under common law and the Uniform Commercial Code, these terms of the defendant's guaranty constitute an express waiver of any right the defendant might otherwise have had as a result of the bank's extension of the due date of the promissory note through the forbearance agreement.
In Connecticut National Bank v. Douglas, 221 Conn. 530
(1992), the Supreme Court upheld the trial court's granting of a motion to strike two special defenses filed by a guarantor who had expressly waived in his guaranty the right to assert claims CT Page 2664 with respect to the bank's handling of collateral which secured the loan. The defendant filed two special defenses contending that he was discharged from liability on the note under both the Uniform Commercial Code and the common law because of the bank's impairment of the collateral.
Chief Justice Peters, writing for the unanimous court, noted that
 [w]hile a determination about a party's intent to waive his rights ordinarily poses a question of fact, clear and definitive contract language can establish waiver as a matter of law.
Id., 545. Finding that the waiver language in the guaranty in question was both specific and broad, the court concluded that the waiver in the guaranty barred enforceability of any claims that the guarantor otherwise might have. Id., 546.
Likewise in the case before the court, the language in the defendant's guaranty is both specific and broad. He consented specifically to extensions in the due date of principal or interest. More broadly, he consented "that the terms and conditions of said note and said Commercial Revolving Loan Agreement may be changed" and that he would "remain bound upon this guaranty, notwithstanding any . . . other indulgence granted the maker of said note." These provisions in the guaranty are "clear and definitive contract language" which "establish waiver as a matter of law." Id., 545.
The defendant seeks to distinguish the Douglas case by pointing out that the defendant here had withdrawn from the partnership prior to the execution of the forbearance agreement. However, the defendant fails to explain how this one factual difference would alter the reasoning of the court and he cites no authority in support of his claim. The defendant's guaranty by its terms was both unconditional and absolute. The court is unable to perceive how his withdrawal from the partnership should alter the outcome which would otherwise result underDouglas.
The four special defenses are legally insufficient under the Uniform Commercial Code as well. The defendant guarantor is presumed to be an accommodation party because he signed the note with words indicating he was acting as guarantor. General CT Page 2665 Statutes § 42a-3-419(c). (Under General Statutes § 42a-3-204(a), when a guaranty is attached to a note, it is considered part of the note.) An accommodation party can be discharged from liability if the person entitled to enforce the instrument agrees to extend the due date. General Statutes § 42a-3-605(c). However,
 [a] party is not discharged under this section if (i) the party asserting discharge consents to the event or conduct that is the basis of the discharge . . .
General Statutes § 42a-3-605(i). Because the defendant specifically consented in the guaranty to extension of the time of payment, he is not discharged from liability on the note and his four special defenses are legally insufficient.
Insofar as the plaintiff's complaint seeks a deficiency judgment against the defendant in his capacity as a general partner of the partnership, the four special defenses are equally unavailing. The withdrawal of a partner from the carrying on of the partnership business causes a dissolution of the partnership. General Statutes § 34-67. However, "[t]he dissolution of the partnership does not of itself discharge the existing liability of any partner." General Statutes § 34-74(1). The partner is discharged only by an agreement to that effect between the partner, the partnership creditor and the person continuing the business of the partnership. General Statutes § 34-74 (2). The defendant fails to allege any such agreement in his four special defenses with the result that the special defenses are legally insufficient.
The plaintiff's motion to strike the four special defenses of the defendant Robert Williams is granted by the court.
/s/ Vertefeuille, J. VERTEFEUILLE