[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 2, 1996
The plaintiff Brigida Foster brings this products liability suit alleging that she was seriously injured in a motor vehicle accident while she was driving a 1994 Honda Accord, which she alleges was unreasonably dangerous and defective. The additional plaintiffs are her husband and son, who have fled loss of consortium claims. The three defendants are the manufacturer, the distributor and the dealer/seller of the motor vehicle. In the CT Page 5157 answer of Honda Motor Co., Ltd., ("Honda") the manufacturer, to the plaintiffs' complaint, Honda filed twelve special defenses. The plaintiffs have now moved to strike the third, fourth, fifth, ninth, tenth and eleventh special defenses, claiming that they are legally insufficient.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214
(1992). A motion to strike is properly used to contest "the legal sufficiency of any answer including any special defense contained therein." Nowak v. Nowak, 175 Conn. 112, 116 (1978).
Practice Book Section 164 provides in pertinent part:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 471-72 (1992).
The third special defense alleges that the plaintiffs are barred from recovery because Brigida Foster negligently operated the motor vehicle and failed to wear a seat belt. The plaintiffs contend that this special defense is legally insufficient because the plaintiffs do not claim that the defect in the motor vehicle caused the motor vehicle accident. They claim instead that the defect caused Brigida Foster to suffer enhanced injury because of a protruding, unpadded seat belt anchor bolt in the interior of the car. Because this is a crashworthiness case, the plaintiffs contend that the third special defense is not legally sufficient.
The plaintiffs' memorandum in support of their motion to strike cites cases which show that many jurisdictions now recognize a crashworthiness or enhanced injury claim as a products liability cause of action. Among the citations are two decisions of the Connecticut Superior Court. The plaintiff in a crash-worthiness claim contends that because of a design defect CT Page 5158 in an automobile, the plaintiff suffered additional or more severe injuries than he or she would otherwise have suffered in a car collision. In the noted case of Larsen v. General MotorsCorporation, 391 F.2d 495 (8th Cir. 1968), the plaintiff contended that the design of the steering assembly in his Chevrolet Corvair was defective in that upon collision, the steering mechanism was thrust into the plaintiffs head, causing him severe injuries. The Court of Appeals recognized the cause of action, finding that because automobile collisions are foreseeable, whether caused by the fault of the user or not, an auto manufacturer has the duty to use reasonable care to design a vehicle so as to avoid an unreasonable risk of injury in the event of a collision. Id., 502. If the manufacturer fails to comply with that duty, it will be liable for those additional or more severe injuries which resulted from the defective design and were over and above the injuries which would otherwise have been caused by the collision. Id., 503. The cause of the automobile collision is not at issue in a crashworthiness claim.
Honda's memorandum in opposition to the motion to strike raises some unusual contentions. First, Honda claims that the third special defense should not be stricken "until further discovery is completed and this defense can be fully evaluated by the parties and if necessary, by the court." Honda next argues that the plaintiffs, in responding to Honda's discovery requests, "offered little incite [sic] into the basis of their claims . . ." Honda then requests that the motion to strike be denied "and that improper claims and defenses be decided by Summary Judgments." Honda cites no case law in support of any of these three unusual contentions and the court finds them to be without merit.
In the only argument which meets the merits of the plaintiffs' contention, Honda claims that comparative negligence can properly be asserted in an enhanced injury case, relying onCaiazzo v. Volkswagenwerk, A.G., 647 F.2d 241 (2d Cir. 1981). InCaiazzo the Second Circuit Court of Appeals upheld the trial court's jury instruction that if the manufacturer proved that the plaintiffs' enhanced injuries were caused by the plaintiffs' negligence in failing to wear seat belts, the jury should reduce the plaintiffs' recovery accordingly. The alleged defect in the case was a van door latch which caused the door to open on collision, with the result that both plaintiffs, who were not wearing seat belts, were ejected from the vehicle and seriously injured. The defendant contended that the plaintiffs' enhanced CT Page 5159 injuries were caused largely by their failure to wear seat belts, which would have secured them within the motor vehicle even after the van door opened. The Court of Appeals found that the evidence of the plaintiffs' failure to wear seat belts was properly admitted and considered by the jury because the defendant's contention was that the enhanced injures might not have occurred if the plaintiffs were wearing seat belts. Id., 252. The evidence was admitted because it related to the cause of the enhanced injuries, not the cause of the collision.
The plaintiffs cite several cases in their memorandum of law similar to Caiazzo, cases where evidence of the plaintiffs alleged negligence is admitted if it relates to the cause of the enhanced injuries. They also cite cases where courts hearing crashworthiness cases have precluded evidence of negligence by the plaintiffs where such evidence is offered to show the cause of the collision rather than the cause of the enhanced injuries. Both lines of cases, read together, establish that in a crashworthiness case, evidence of the plaintiffs' negligence will be admitted if it relates to the cause of the enhanced injuries, but excluded if it relates to the cause of the collision.
In this case, the third special defense reads
 The plaintiffs are barred from recovery in whole or in part on any theory of negligence because of their negligent conduct. On or about March 2, 1995, Brigida Foster was operating her automobile in a nonattentive, fatigued and otherwise negligent fashion. Due to her negligence her automobile crossed the midline of the road and struck an oncoming vehicle. As a result of Ms. Foster not wearing her seat belt and other negligent conduct, she was propelled across the passenger compartment of her automobile where she purportedly sustained injury.
(Emphasis added.) In the specific allegations of the third special defense, Honda is alleging that the negligence of Brigida Foster caused the collision, not the enhanced injuries. The cause of the collision, however, is not at issue in this case. Therefore, the third special defense as alleged is legally insufficient with respect to the crashworthiness claim of the plaintiffs.
Honda alleges in the fourth special defense that the CT Page 5160 plaintiffs are barred from recovery because of Brigida Foster's violation of certain specified statutes with respect to the operation of her motor vehicle. The cited statutory sections concern speeding, reckless driving, driving on the left side of the highway and similar matters, all of which relate to the cause of the collision and not the cause of the alleged enhanced injuries. In its one paragraph response to the motion to strike the fourth special defense, Honda fails to address the causation issue. The motion to strike the fourth special defense is granted because the allegations, which concern the cause of the collision, do not constitute a legally sufficient defense to a crashworthiness claim.
In its fifth special defense, Honda alleges
 The plaintiffs are barred from any recovery because their alleged injuries and damages were caused by the acts or omissions of third persons over whom HMC [Honda] exercised no control and for whose conduct HMC [Honda] bears no responsibility.
Although the plaintiffs have moved to strike this fifth special defense, they do not address this defense in their memorandum. Practice Book § 155 requires that each motion to strike "must" be accompanied by a memorandum of law "citing the legal authorities upon which the motion relies." In the absence of any discussion or citation of authorities with respect to the fifth special defense, the motion to strike that defense must be denied.
The ninth special defense alleges that "the conduct of the plaintiff . . . was the sole proximate cause of the alleged injuries and damages." The plaintiffs have moved to strike this defense as legally insufficient, claiming that it addresses the cause of the collision rather than the cause of the enhanced injuries. In ruling on a motion to strike, the court must construe the facts alleged most favorably to the party making the allegations. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). The express allegations of the ninth special defense refer to the plaintiffs' "injuries and damages." Construing that allegation most favorably to Honda, this special defense is legally sufficient because it relates to the cause of the enhanced injuries rather than the cause of the collision.
Honda alleges in the tenth special defense that "the alleged CT Page 5161 injuries and damages were caused by the intervening and superseding actions of third persons." The plaintiffs have moved to strike this special defense contending that apportionment of negligence can only be made against persons who are parties to the suit. Honda responds in its memorandum that it is not seeking apportionment of damages in the tenth special defense, but instead is contending that "the alleged injuries and damages" were caused by the intervening and superseding actions of third persons. Construing this allegation favorably to Honda, the court finds it legally sufficient.
The eleventh special defense alleges that the plaintiffs are barred from recovery "because they were misusing the automobile at the time of the accident." The plaintiffs contend that this defense should be stricken because it can only refer to misuse of vehicle as a cause of the accident. The express wording of the defense is ambiguous and does not specify whether the misuse relates to the cause of the accident or the cause of the enhanced injuries. Construing the defense favorably to Honda, the court finds that it relates to the cause of the enhanced injuries and is therefore legally sufficient.
The motion to strike is granted with respect to the third and fourth special defenses and denied with respect to the fifth, ninth, tenth and eleventh special defenses.
VERTEFEUILLE, J.