[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES (NO. 109)
On January 19, 1996, the plaintiff, Ash Securities, Inc., filed a one count complaint seeking to quiet title to property obtained from the Town of Stratford (Stratford) by means of a tax sale against the defendant, John C. Mandanici, Jr. Mandanici filed an answer and four special defenses on February 13, 1996. In his special defenses, Mandanici alleges that the process through which the plaintiff acquired the property and the actions of Stratford violate his constitutional rights to due process and equal protection, that the process and acts of Stratford were arbitrary and capricious, and that such actions have devalued the property.
On April 17, 1996, the plaintiff filed a motion to strike Mandanici's special defenses on the grounds that the Mandanici's constitutional defenses require state action, the tax sale statutes have been held to be constitutional, and that the third and fourth special defenses are not applicable to an action to quiet title. Mandanici filed a memorandum in opposition dated June 26, 1996, to which the plaintiff replied in a memorandum filed July 1, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, CT Page 5734 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiff argues that Mandanici's first and second special defenses are legally insufficient in that the constitutional defenses raised require state action, and therefore cannot be asserted against an individual, and that the tax sale statutes have already been determined to be constitutional. Mandanici contends that the plaintiff seeks to ratify state action through this action to quiet title, and that a private party may raise constitutional defenses.
"The due process clauses of the federal and state constitutions can be violated only by conduct of the state, as they do not restrict the actions of private persons or entities."Dutch Point Credit Union v. Caron Auto Works, 36 Conn. App. 123,130, 648 A.2d 882 (1994). Inasmuch as the Town of Stratford is not a party to this action, Mandanici cannot challenge its actions under the tax sale statutes by means of a special defense. Furthermore, the tax sale statutes have been held to be constitutional. Associates Financial Services of America, Inc. v.Sorenson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318408 (July 3, 1996, West, J., 2 Conn. Ops. 855); Pace Motor Lines, Inc. v. Biagiarelli, Superior Court, judicial district of Fairfield at Bridgeport, Docket Nos. 318117, 318587 (June 24, 1996, Levin, J., 17 Conn. L. Rptr. 77); D'Addariov. Jambuska, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 295421 (June 22, 1992, Thim, J.).
In his third special defense, Mandanici alleges that the actions of the Town of Stratford are arbitrary and capricious. The plaintiff claims that such a defense is not recognizable as a special defense, but rather is a ground for appeal under the Uniform Administrative Procedure Act § 4-183 et. seq.
Clearly, Mandanici's defense alleging that the Town of Stratford's actions were arbitrary and capricious are grounds for an administrative appeal. General Statutes § 4-183 (j)(6). However, Mandanici has had the opportunity to challenge his assessment under General Statutes § 12-117a, or redeem the property pursuant to General Statutes § 12-189, and therefore, may not now use as a defense remedies which have already lapsed. Moreover, "if the property owner was unlawfully charged a greater CT Page 5735 tax than he should have been required to pay, or there are shown to be notice deficiencies or other defined irregularities, such owner may challenge the proceedings by an action to set aside a tax levy and sale of real estate. . . . Such judicial remedy is in addition to appeal procedures available to the property owner in the case of wrongful assessment . . . and decisions of municipal tax review boards. . . ." (Citations omitted.) Hollosi v. Townof Old Saybrook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 072897 (August 23, 1994, Gaffney, J.).
Mandanici alleges in his fourth special defense that the plaintiff and the Town of Stratford have caused the devaluation of the property.
"A person who claims title by deed is claiming that he has good record title which entitles him, in an action to quiet title, to a judgment of ownership. " (Internal quotation marks omitted.)Marrin v. Spearow, 35 Conn. App. 398, 402, 646 A.2d 254 (1994). An action to quiet title deals with ownership and not valuation of property, and therefore, Mandanici's special defense cannot implicate title to the property.
Accordingly, the plaintiff's motion to strike is granted.
WEST, J.