[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff's motion to strike is denied. The exclusivity provisions of the Workers' Compensation Act are "not at all adenial of jurisdiction in the Superior Court, as such, but . . .a destruction of an otherwise existent common-law right ofaction." (Emphasis in original.) Grant v. Bassman,221 Conn. 465, 472, 604 A.2d 814 (1992). "In other words, thereis not a lack of jurisdiction in the court but a want of a causeCT Page 11900of action in the plaintiff." (Emphasis in original.) Grant v.Bassman, supra, 221 Conn. 472, citing Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 154 A.2d 138 (1956). Therefore, "a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by special defense."Grant v. Bassman, supra, 221 Conn. 472; see also Caron v.Connecticut Light Power Co., Superior Court, judicial district of Danbury, Docket No. 32 08 34 (April 16, 1996) (Moraghan, J.) (holding that a special defense, not a motion to strike, is the proper vehicle to challenge the plaintiff's complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Act).
Leheny, J.