THE SAVINGS INSTITUTE *v.* KENYON MANOR CORPORATION ET AL.
(11291)

DALY, LAVERY and FREEDMAN, Js.

Argued December 10, 1992—decision released January 26, 1993

*Richard B. Laschever,* for the appellants (defendants Herbert Farrah et al.).

*Raymond F. Parlato,* for the appellee (plaintiff).

PER CURIAM. The defendants Herbert Farrah and Aynesse A. Farrah appeal from the trial court's judgment of default entered against them in a foreclosure action.[1]

[1] The named defendant and the defendant Rhonda McDonald Farrah are not involved in this appeal. For purposes of this decision Herbert and Aynesse A. Farrah shall be referred to as the defendants.

This case arises out of the following facts. General Leasing Corporation conveyed property at 250 Kenyon Street in Hartford to Kenyon Manor Corporation by warranty deed dated February 29, 1988, subject to the rights of the defendants "as tenants in possession with a claim of right."

On March 24, 1988, Kenyon Manor Corporation (Kenyon) executed a note in the amount of $300,000 and a mortgage deed for the property on Kenyon Street in favor of the Willimantic Savings Institute now known as The Savings Institute. The note was also signed by Rhonda McDonald Farrah. When Kenyon defaulted in its payments, the plaintiff instituted this foreclosure action. The defendants, claiming they held a life estate in the property, filed an answer denying that their interest was junior in right to that of the plaintiff. The defendants also raised a special defense alleging that they were tenants in possession with a claim of right. The special defense was struck by the trial court. The defendants objected to the trial court's decision to set the law days for them and moved for a determination of priorities. The trial court ordered strict foreclosure and set law days, including one for the defendants.

The defendants claim on appeal that the trial court (1) should not have stricken their special defense, (2) improperly defaulted them for their failure to plead and disclose a defense, and (3) improperly set the law days. The defendants do not contest that the mortgage is in default. Rather, they argue that their rights are not junior to those of the plaintiff and, therefore, that they possess a priority over the mortgage.

Our examination of the record reveals that the trial court never acted on the defendant's motion for determination of priorities, which would have entailed deciding what the defendants' interests were and whether they were junior or senior interests in relation to the

mortgage. The trial court should have conducted an evidentiary hearing on this motion. Thus, we remand the case for further proceedings.

The judgment is reversed in part and the case is remanded to the trial court for an evidentiary hearing to determine the defendants' rights in the property under foreclosure, and, if any such rights exist, to determine the priority of such rights. The judgment is affirmed as to all other parties.