[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#111)
ISSUE
Whether the plaintiff's motion to strike the defendant's special defense should be granted on the ground that the allegations of the special defense are more properly the subject of a motion to determine the priorities of liens pursuant to Practice Book § 526A.
FACTS
The plaintiff, GLP Acquisition Corporation (GLP) commenced the present foreclosure action against the defendants, Cadwell Hoerle and Levesque Builders, Inc., by service of a writ of summons and complaint on the defendants on December 21, 1995 as evidenced by the sheriff's return contained in the court file. CT Page 4255-EEEEE The defendant, Levesque Builders, Inc., claims an interest in the property by virtue of a lis pendens recorded in the New Hartford Land Records on September 8, 1994. (Complaint ¶ 7). The complaint alleges that Levesque Builders, Inc., is a subsequent encumbrancer. (Complaint ¶ 7).
The defendant, Levesque Builders, filed an answer and special defense on February 15, 1996. The special defense states: "Defendant avers that the said mortgage and assignment were not given for an adequate consideration and were given fraudulently and with notice of defendant's rights and interest in the property, and with intent to wrongfully interfere with such rights."
On March 22, 1996, the plaintiff, pursuant to Practice Book § 152, filed a motion to strike the defendant's special CT Page 4256 defense on the ground that the allegations of the special defense are more properly the subject of a motion to determine the priorities of liens pursuant to Practice Book § 526A[1]. The plaintiff timely filed a memorandum of law in support of its motion. Likewise, the defendant timely filed a "reply brief" in opposition to the motion to strike arguing that fraud and lack of consideration speak to the validity of the mortgage deed and not to the priority of the liens and as such is an appropriate special defense.
DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." (Citations omitted.) S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable under the allegations would support a defense or a cause of action. the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. . . ." (Citations omitted.) Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215.
"The legal sufficiency of a special defense may be determined by reference to Practice Book § 164. A special defense CT Page 4257 alleges facts which are consistent with the plaintiff's allegations but which `show, notwithstanding, that he has no cause of action. . . .'" Sterling v. Vesper Corporation dba PencoProducts, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 060771 (10 Conn. L. Rptr. 58, August 30, 1993, Pickett, J.), quoting Practice Book § 164. In Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 804 (1992), the court stated that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
In the present case, the plaintiff moves to strike the special defense but fails to raise any grounds beyond arguing that the defense is more appropriately raised through a motion to determine priorities. That may well be the case, but the motion does not address the sufficiency of what has been pled.
The plaintiff relies on Savings Institute v. Kenyon ManorCorporation, 30 Conn. App. 162, 619 A.2d 481 (1993), wherein the defendants claimed they held a life estate in the subject property and denied "that their interest was junior in right to that of the plaintiff." Id., 163. The defendants asserted a special defense alleging that they were tenants in possession with a claim of right." Id. The trial court struck the special defense. The defendants objected to the trial court's decision to set the law days for them and moved for a determination of priorities." Id. On appeal, the defendants claimed that the special defense was improperly stricken. The appellate court, however, upheld that portion of the trial court's decision apparently agreeing that a claim of right is more properly determined by a motion for determination of priorities. The issue, however, is only indirectly discussed, and since the special defense in that case is entirely different from the special defense in this case, reliance on that case is inappropriate.
The plaintiff has not attacked the legal sufficiency of the allegations of the special defense and as such, the motion to strike must be denied.
RICHARD A. WALSH, J.