[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (DOCKET ENTRY NO. 285)
The plaintiffs, owners of condominium units in Breakwater CT Page 4332-JJJ Key, located in Stratford, Connecticut, filed a six count second revised complaint, dated November 10, 1994, against the defendants, Breakwater Key Association, Breakwater Key, Inc., Sultan Realty Corp., Pyramid Construction, Inc., N.E. Owen, Inc. and various individuals who were principals, directors, or officers of the defendant corporations. The plaintiffs seek damages and injunctive relief against the defendants for allegedly wrongful acts committed by the defendants, causing the plaintiffs to incur excessive charges and expenses.
On November 3, 1995, the defendants filed their answer, special defenses and counterclaim to the second revised complaint. In their seven count counterclaim the defendants allege breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy, violation of the Connecticut Unfair Trade Practices Act (CUTPA), two counts of vexatious litigation, and negligent or intentional interference with business or contractual expectancies.
The plaintiffs filed revised special defenses to the defendants' counterclaim on December 27, 1995. In their first special defense to counts one and two of the defendants' counterclaim the plaintiffs allege res judicata, stare decisis, and collateral estoppel. The plaintiffs allege the doctrine of election of remedies as their second special defense to counts one and two of the counterclaim, and, in their first special defense to the third count of the defendants' counterclaim, the plaintiffs allege equitable estoppel, collateral estoppel and judicial estoppel.
On February 2, 1996, the defendants filed a motion to strike the plaintiffs' revised special defenses to counts one, two and three of their counterclaim on the ground of legal insufficiency.[1]
The defendants also filed a memorandum of law in support. The plaintiffs filed a memorandum of law in opposition on February 20, 1996, and a supplementary memorandum on February 26, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This CT Page 4332-KKK includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The defendants first argue that the plaintiffs' first special defense to counts one and two of the counterclaim is legally insufficient in that stare decisis raised as a ground for the defense is merely a principal of law not a special defense.
The plaintiffs allege in their first special defense to counts one and two of the counterclaim that the claims asserted in those counts were fully litigated in seventeen actions previously brought in this court, therefore, the counts are barred by the doctrines of res judicata, stare decisis andcollateral estoppel. While the defendants may be correct that stare decisis is merely the doctrine that courts should "abide by, or adhere to decided cases . . ." Black's Law Dictionary 1261 (5th ed. 1979); and not properly a special defense, ". . . only an entire count of a counterclaim or an entire special defense can be subject to a motion to strike, unless the individual paragraph `embodies an entire cause of action or defense.'"Leeb-Lundberg v. King, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 125302 (January 31, 1996, Tobin, J.); see also Larsen v. Timothy's Ice Cream, Inc.,
Superior Court, judicial district of Fairfield Housing Session at Bridgeport, Docket No. 9505-29502 (June 30, 1995, Tierney, J.);Geary v. George A. Tomasso Construction Corp., Superior Court, judicial district of Waterbury, Docket No. 122785 (October 13, 1995, Vertefeuille, J.). It is clear that the plaintiffs' special defense of stare decisis is not embodied within a single paragraph, therefore, the defendants' motion to strike the plaintiffs' first special defense as to counts one and two of the counterclaim is denied. CT Page 4332-LLL
The defendants have also moved to strike the plaintiffs' second special defense to counts one and two of the counterclaim alleging the doctrine of election of remedies. The defendants have not briefed this issue, and accordingly, it is deemed abandoned. Gaudet v. Safeco Insurance Co., 219 Conn. 391, 403,593 A.2d 1362 (1991).
The defendants have further moved to strike the plaintiffs' first special defense of equitable estoppel, collateral estoppel and judicial estoppel against the third count of the counterclaim, alleging civil conspiracy, on the ground that the plaintiffs have failed to allege facts to support such defenses. The plaintiffs contend that the defendants made the same claim in a previous action, which the defendants subsequently withdrew because of its lack of merit.
The plaintiffs first allege the doctrine of equitable estoppel which "`states that a party (1) who is guilty of a misrepresentation of existing fact including concealment, (2) upon which the other party justifiably relies, (3) to his injury, is estopped from denying his utterances or acts to the detriment of the other party.'" Connecticut National Bank v. Voog,233 Conn. 352, 366, 659 A.2d 172 (1995). In their special defense, the plaintiffs have merely alleged injury by means of legal fees and expenditures, but have failed to allege any misrepresentation or concealment, or that the plaintiffs relied upon such misrepresentation or concealment, causing their injuries.
Furthermore, "[t]he doctrine of judicial estoppel prevents a party from taking inconsistent positions in subsequent legal proceedings"; Krauss v. Aetna Life Casualty Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 236432 (August 24, 1994, Stanley, J.); however, the plaintiff alleges that the defendants asserted an identical position, not an inconsistent position, in a previous suit which was ultimately withdrawn. Moreover, for an issue to be subject to collateral estoppel it "must have been actually decided and the decision must have been necessary to the judgment." (Emphasis added; internal quotation marks omitted.) Commissioner of Motor Vehiclesv. DeMilo Co., 233 Conn. 254, 267, 659 A.2d 148 (1995). "Collateral estoppel can be applied only to bar relitigation of facts that were formally put in issue and ultimately determined by a valid, final judgment." (Emphasis added.) Carnese v.Middleton, 27 Conn. App. 530, 542, 608 A.2d 700 (1992). The plaintiffs allege in their special defense that the earlier CT Page 4332-MMM action was withdrawn before trial, therefore, there was no final judgment.
For reasons discussed above, the court finds that the plaintiffs' special defense based on equitable estoppel, judicial estoppel and collateral estoppel is legally insufficient. Accordingly, the defendants' motion to strike is denied as to the plaintiffs' first and second special defenses as to counts one and two of the counterclaim and granted as to the plaintiffs' first special defense to count three of the counterclaim.
WEST, J.