[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
WEST, J.
MEMORANDUM OF DECISION MOTION TO STRIKE SPECIAL DEFENSES (No. 106)
On May 13, 1996, the plaintiff, Connecticut Housing Finance Authority, filed a one count complaint in foreclosure against the defendant, Andre Velez. The plaintiff alleges that it is the holder of a note secured by real property, and that the defendant is in default. The defendant filed his answer and two special defenses on May 31, 1996. In his special defenses the defendant alleges that the plaintiff has breached the implied covenant of good faith and fair dealing by prosecuting this action while the defendant was engaging in work out negotiations with it, and that the plaintiff has waived its rights by accepting late payments both before and after default.
On August 9, 1996, the plaintiff filed a motion to strike the defendant's special defenses on the ground that such defenses are not recognized in a foreclosure action. The plaintiff filed a memorandum in opposition on August 21, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under CT Page 5496-CCC the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiff argues that the defendant's first special defense is legally insufficient in that a failure to restructure a loan agreement does not attack the making, validity or enforcement of the note or mortgage. The defendant contends that negotiations resulted in an accord on the original contract, pursuant to which the defendant made a $1500 payment, which was accepted by the plaintiff.
The defendant in his first special defense has alleged that the plaintiff breached the implied duty of good faith and fair dealing by prosecuting this action while the defendant was attempting to work out the default.
"`[E]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement.'" (Emphasis deleted.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 200, 663 A.2d 1001 (1995). However, "in the absence of a restructure agreement in the loan documents, a failure by the plaintiff to negotiate or restructure the terms of the loan after default, does not implicate the making, validity or enforcement of the note or mortgage." DimeSavings Bank of N.Y., FSB v. Furey, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.); see also Merrill Lynch Equity Access v.Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 022898 (February 20, 1996, Levin, J.). Therefore, the defendant's first special defense as alleged is legally insufficient.
The defendant argues in his brief, and submitted evidence, CT Page 5496-DDD that he actually formed an agreement to restructure his payments, and that the plaintiff accepted one of the restructured payments after default. Nevertheless, on a motion to strike the court is limited to the facts alleged in the pleadings. Therefore, the plaintiff's motion to strike the defendant's first special defense is granted.
In his second special defense, the defendant alleges waiver based upon the plaintiff's acceptance of late payments both before and after default. Although the plaintiff has moved to strike this special defense, it has failed to brief the issue. "Analysis, rather than mere `abstract assertion,' is required in order to avoid abandoning an issue by failure to brief the issue properly." Cummings v. Twin Tool Manufacturing Co., 40 Conn. App. 36,45, 668 A.2d 1346 (1996). The plaintiff asserts in its motion to strike that the defendant's second special defense is not recognized in a foreclosure action but has not briefed the issue or cited any authority. Accordingly, the plaintiff has abandoned the issue, and therefore its motion to strike the defendant's second special defense is denied.
WEST, J.