[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#110)
The plaintiff, Robert Langer, is a former employee of the defendant, Hoffman Fuel Company of Stamford. The plaintiff alleges that the defendant willfully, seriously and intentionally caused the plaintiff serious, permanent and disabling injuries by repeatedly exposing the plaintiff to carbon monoxide and other toxic substances.
The defendant, in its revised answer, asserts fourteen special defenses. The plaintiff has filed a motion to strike the first, third, fourth, fifth, sixth, eighth, ninth, twelfth and fourteenth special defenses, as well as the defendant's demand for relief. The defendant concedes that the first, sixth, ninth, CT Page 2661 twelfth and fourteenth special defenses should be stricken. Therefore, this court addresses the third, fourth, fifth and eighth special defenses, as well as the defendant's prayer for relief.
A motion to strike is appropriate to challenge the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978); Practice Book § 152(2). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); Practice Book § 164. When ruling on a motion to strike a special defense, the trial court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency."Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
The defendant alleges, in its third special defense, that the plaintiff was contributorily negligent because he consumed alcohol and smoked cigarettes. The defendant moves to strike this defense on the ground that is it is inappropriately pleaded in a response to his complaint.
A special defense based on contributory negligence is not appropriate where the plaintiff alleges in the complaint that the defendant intentionally caused the plaintiff's injuries. SeeCheneski v. Barber, Superior Court, judicial district of Danbury, Docket No. 307083 (February 7, 1992, Fuller, J.) (the defense of contributory negligence does not apply where an injury is the result of willful or wanton conduct); Zawadski v. Robbins, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 384518, 7 CONN. L. RPTR. 92 (July 14, 1992, Wagner, J.); see also Beckwith v. Stratford, 129 Conn. 506, 511,29 A.2d 775 (1942) (the defense of contributory negligence is inappropriate where the complaint alleges nuisance based on intentional conduct).
In the present case, the plaintiff premises his complaint on the intentional, rather than the negligent, conduct of the defendant. Therefore, the defendant's third special defense is legally insufficient. The motion to strike the defendant's third special defense is granted.
The defendant asserts, in its fourth special defense, that CT Page 2662 the plaintiff's claim is barred by the doctrine of laches. The plaintiff moves to strike the fourth special defense on the ground that "an equitable defense such [as] laches is unavailable in an action at law."
"Laches is purely an equitable doctrine, is largely governed by the circumstances, and is not to be imputed to one who has brought an action at law within the statutory period. . . . [L]aches is not available as a defense to an action at law." (Citations omitted.) A. Sangivanni Sons v. F. M. Floryan Co.,158 Conn. 467, 474-75, 262 A.2d 159 (1969); Todd M. v. RichardL., 44 Conn. Sup. 527, 542, 696 A.2d 1063 (1995) (because the equitable defense of laches cannot be asserted in an action at law seeking damages, the court granted the motion to strike a laches special defense ).
In the present case, the plaintiff asserts a legal claim for money damages based upon the defendant's "willful and serious" misconduct. Therefore, laches is a legally insufficient special defense to the plaintiff's claim. The plaintiff's motion to strike the fourth special defense is granted.
The defendant asserts, in the fifth special defense, that the plaintiff is estopped from pursuing an action at law because the plaintiff is also seeking workers' compensation benefits. The plaintiff moves to strike this special defense on the ground that "bringing a claim for worker's compensation does not preclude recovery in [the] [s]uperior [c]ourt."
The exclusive remedy provision of workers' compensation law is General Statutes § 31-284 (a). General Statutes § 31-284
(a) states in relevant part: "All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter." It has been held, however, that General Statutes § 31-284 (a) does not bar an action at law where the employer has committed an intentional tort or has engaged in willful or serious misconduct.Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 106,639 A.2d 507 (1994). Additionally, a plaintiff is not required to elect between the receipt of workers' compensation benefits and the pursuit of such an action at law. Id.
The plaintiff's complaint in the present case is based on the CT Page 2663 intentional, rather than the negligent, conduct of the defendant. Therefore, the exclusivity provision of the Worker's Compensation Act does not apply here. The defendant's fifth special defense is legally insufficient. The motion to strike the fifth special defense, therefore, is granted.
The defendant alleges, in the eighth special defense, that if it is shown that the plaintiff suffered injuries as a result of the use of products and substances alleged in the complaint, such injuries were cased by misuse of said products or materials. The plaintiff moves to strike this special defense on the grounds that "this is not a products liability action" and "the [d]efendant has not set forth any facts to support its claim of misuse."
The defendant argues, without citation, that "[t]he plaintiff's claim that misuse is not a defense to an intentional tort claim is unfounded." The court is unable to find authority, however, for the proposition that misuse of a product is a defense to anything other than a products liability action. See General Statutes § 52-5721.
The present action is clearly not a products liability action. The eighth special defense is legally insufficient. Therefore, the plaintiff's motion to strike the eighth special defense is granted.
The plaintiff also moves to strike the defendant's "prayer for relief." At the conclusion of the defendant's answer and special defenses, the defendant prays: that the complaint be dismissed; the plaintiff's demand for relief be denied in every respect; that the defendant be awarded reasonable costs and attorneys fees; and, that the court grant such other and further relief that is just, proper and equitable.
A prayer for relief based upon affirmative defenses is procedurally improper. Winsted Savings Bank v. Salmon BrookProperties, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 376647 (November 26, 1991, Hennessey, J., 5 CONN. L. RPTR. 727, 7 CSCR). Further, attorneys' fees and ordinary expenses of litigation are not allowed to the successful party absent a contractual or statutory basis. Brookfield v. CandlewoodShores Estates. Inc., 201 Conn. 1, 14, 513 A.2d 1218 (1986).
In the present case, the defendant's prayer for relief is CT Page 2664 simply improper. The court also notes, however, that the defendant fails to brief this issue. An issue that is inadequately briefed is deemed abandoned. Commission on HumanRights and Opportunities v. Truelove Maclean. Inc.,238 Conn. 337, 344 n, 11, 680 A.2d 1261 (1996); Cummings v. Twin ToolManufacturing Co., Inc., 40 Conn. App. 36, 45, 668 A.2d 1346
(1995).
The plaintiff's motion to strike the defendant's prayer for relief is granted.
KARAZIN, J.