[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is a foreclosure in which defendants have filed an answer and two special defenses. The plaintiff now moves to strike those special defenses.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73 (1992). "In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair CT Page 12416 dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionabiity of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note." (Citations omitted; internal quotation marks omitted.) Norwest Mortgage v.Edwards, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.T.R.).
The first special defense alleges that "[t]he Plaintiff failed to properly accelerate the payments allegedly due on the note and mortgage in that it failed to comply with Paragraph 18 of the mortgage. A [sic] such, it cannot foreclosure [sic] the subject loan." This defense merely sets forth a legal conclusion. It does not describe the contents of paragraph 18 or the manner in which the plaintiff failed to comply with that provision. Therefore, the plaintiff's motion to strike the first special defense is granted. See Webster Bank v. Costello, Superior Court, judicial district of Danbury, Docket No. 325598 (May 27, 1997, Moraghan, J.) (a motion to strike is properly granted if the pleading merely contains conclusions of law that are unsupported by the facts alleged).
The second special defense states that "[t]he plaintiff has not provided complete evidence of the payment history of the loan. As such, upon information and belief, it cannot prove its debt.[1] In particular, the Plaintiff cannot avail itself of Practice Book § 527." This defense has not been recognized as a valid special defense to a foreclosure action. See NorwestMortgage v. Edwards, supra, Superior Court, Docket No. 057496. Notwithstanding this fact, the defendant argues that Practice Book § 527, now Practice Book (1998 Rev.) § 23-18, "expressly contemplates special defenses in foreclosures attacking the Plaintiff's debt."[2]
The court is not persuaded by this argument. "Under [§ 23-18], the plaintiff mortgagee need not present witnesses to testify as [to] the amount of the debt, but may instead submit certain documents to the court, including the original note and mortgage together with an affidavit stating the amount due. Significantly, [§ 23-18] can be utilized by the plaintiff mortgagee only where no defense as to the amount of the mortgage CT Page 12417 debt is interposed by the defendant mortgagor." (Internal quotation marks omitted.) Connecticut National Bank v. N.E. OwenII, Inc., 22 Conn. App. 468, 472 (1990). Nothing in this section indicates that it may be used as a basis for a special defense. Moreover, the second special defense does not "plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, supra. Finally, this defense does not address the making, validity, or enforcement of the mortgage or note. The motion to strike the second special defense is, accordingly, granted.
Moraghan, J.