[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#112) PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES
The plaintiff has moved the court to strike the defendant's thirteen special defenses in the above-captioned matter.
He argues that in twelve of the thirteen special defenses [excepting the third special defense], the defendant merely states that, "the plaintiff has failed to allege facts sufficient to . . ." and that in each of those special defenses the defendant has failed to allege any facts addressed to the allegations in the complaint. The plaintiff maintains that, consequently, none of those twelve special defenses are in conformity with the Practice Rule Sec. 10-50, which provides that the purpose of a special defense is to permit the pleader to allege facts which are consistent with the statements made in the complaint, but show, notwithstanding, that the plaintiff has no cause of action. Such facts must be specially alleged. See Grant vs. Bassman, 221 Conn. 465, 472-473 (1992).
Practice Rule 10-39(a) provides, in relevant part, "Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein that party may do so by filing a motion to strike the contested pleading or part thereof."
A motion to strike is properly used to challenge the legal sufficiency of special defenses. Connecticut National Bank vs. Voog, 223 Conn. 352, 354 (1995).
A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged. Novametrics Medical Systems, Inc. vs. BOC Group, Inc.,224 Conn. 210, 215 (1992).
Despite the plaintiff's claim that all twelve of those special defenses are devoid of facts, the court notes that the defendant's thirteen special defense does contain a factual statement specially plead ["the CCPA does not provide for a private cause of action"].
For the foregoing reasons, those twelve special defenses — excepting the thirteenth special defense — are stricken. The motion to strike the thirteenth special defense is denied.
As for the third special defense, the plaintiff argues that while it does contain facts [that the plaintiff either abandoned CT Page 13531 or returned the car to the defendant], those are not factsconsistent with the statements in the plaintiff's complaint and, in fact, they do not even address the allegations in the complaint [that the defendant failed to comply with the provisions of the repossession statutes].
For the foregoing reasons, the court hereby grants the plaintiff's motion to strike the defendant's third special defense.
By the Court,
Joseph W. Doherty, Judge