[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS
The defendant has filed a motion to dismiss claiming the plaintiff's claim is barred by the exclusivity provisions of the Workers' Compensation Act.
Because a special defense is the proper procedural vehicle for challenging the plaintiff's complaint on the ground that the exclusive remedy bars the action, the motion to dismiss is denied.
 FACTS
On December 3, 1999, the plaintiff, Sharon Mello, filed a complaint against the defendant Big Y Foods, Inc., alleging that she was injured on July 3, 1998 as a result of the defendant's negligence. As a result of such negligence, the plaintiff sustained serious and disabling injuries, including a permanent, hyperpigmented scar of approximately four by five centimeters located on the top of her right ankle." (Complaint; ¶ 6.)
On November 26, 1999, the defendant filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction because the plaintiff's claim is barred by the exclusivity provision of the workers' compensation CT Page 15986 act. See General Statutes § 31-284(a).[1] On December 9, 1999, the plaintiff filed an objection to the motion to dismiss arguing that there is no remedy for her scarring under the act, and therefore, the exclusive remedy provision is not applicable. On February 24, 2000, a reply memorandum of law was filed by the defendant.
 DISCUSSION
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991) "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998)
Our Supreme Court has recognized, as a general rule, that where a plaintiff has elected workers' compensation as her exclusive remedy, "a special defense, and not a motion to dismiss, [is] the proper procedural vehicle for [the defendant's] challenge to the plaintiff's [common law cause of action]." Grant v. Bassman, 221 Conn. 465, 473, 604 A.2d 814
(1992). "The claim that a plaintiff has elected an exclusive remedy [under workers' compensation] relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action. . . .It is therefore both rational and fair to place the burden of pleading and proving an election of remedies on the . . . defendant." Id.; Walls v. OPF Schroder Trust, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164524 (October 14, 1998, Mintz, J.) (23 Conn.L.Rptr. 199, 200) ("the defendant's allegation that the plaintiffs elected their remedy [under the workers' compensation act] would require the court to rely on facts outside those alleged in the complaint, . . . [and therefore, the] allegations should be raised by the defendant as a special defense . . . and not in a motion to dismiss. . .").[2]
In light of the clear precedent set forth in Grant v. Bassman, supra,221 Conn. 465, the defendant's motion to dismiss is not the proper procedural vehicle for challenging the plaintiff's complaint on the ground that the exclusive remedy provision bars the action. The motion to dismiss must therefore be denied. CT Page 15987
CHASE T. ROGERS SUPERIOR COURT JUDGE